United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-1830

_____

United States of America,      *
                               *
        Plaintiff-Appellee,    *   Appeal from the United States
                               *   District Court for the
    v.                         *   Eastern District of Missouri.
                               *
Glynn Wyatt,                   *
                               *
        Defendant-Appellant.   *


_____

Submitted:  January 14, 1997

Filed:   June 9, 1997

_____

Before WOLLMAN, FLOYD R. GIBSON, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.


        Glynn Wyatt appeals the district court's denial of his motion to
reduce his sentence, filed pursuant to 18 U.S.C. § 3582(c)(2) (1994).  We
reverse and remand for further proceedings.

On February 4, 1993, Wyatt pleaded guilty to one count of attempting to possess with the intent to distribute over 100 marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 (1988). In exchange for his plea, the government agreed not to file any other criminal charges for Wyatt's conduct prior to the date of the plea agreement that involved his controlled substance-related activities in the Eastern District of Missouri. The government agreed to make known to the court any cooperation provided by Wyatt but did not promise to file a motion for a downward departure on that basis.

At sentencing, July 28, 1993, the district court adopted the presentence investigation report (PSIR), which attributed 980 marijuana plants to Wyatt. Applying the weight-per-plant equivalency conversion ratio of the 1992 Sentencing Guidelines, the PSIR calculated a base offense level of 30. See United States Sentencing Commission, Guidelines Manual, § 2D1.1(c)* & comment. (backg'd) (Nov. 1992) (instructing courts to treat each plant as equivalent to one kilogram of marijuana when the total plants involved exceeds 50 plants, unless the actual weight of the marijuana is greater). The district court adjusted Wyatt's base offense level, applying a two-level upward adjustment for the possession of a firearm and a three-level downward adjustment for acceptance of responsibility, resulting in an adjusted Guidelines offense level of 29. Wyatt's criminal record placed him in criminal history category III. These determinations yielded a sentencing range of 108 to 135 months of imprisonment. Because Wyatt had provided the government with substantial assistance, the government moved for a downward departure below the applicable Guidelines range, pursuant to USSG § 5K1.1, and below the statutory mandatory minimum sentence, pursuant to 18 U.S.C. § 3553(e). The district court departed from the applicable Guidelines range but did not depart below the five-year statutory mandatory minimum sentence. The court sentenced Wyatt to a 60-month term of imprisonment, to be followed by four years of supervised release. We affirmed this sentence on direct appeal. United States v. Wyatt, 26 F.3d 863, 865 (8th Cir. 1994).

Effective November 1, 1995, over two years after Wyatt's sentencing hearing, the United States Sentencing Commission adopted Amendment 516 to the Sentencing Guidelines, which reduced the weight attributable to each plant of marijuana for sentencing purposes. USSG App. C, Amend. 516 (Nov. 1995). See United States v. Risch, 87 F.3d 240, 243 (8th Cir. 1996). Amendment 516 lowered the weight-per-plant ratio from one kilogram per marijuana plant to 100 grams per plant. USSG § 2D1.1(c) (Note E) & comment. (backg'd) (Nov. 1995). The Sentencing Commission expressly provided that this amendment applies retroactively, USSG § 1B1.10, p.s. (Nov. 1995), which gives sentencing courts the discretionary authority to modify a sentence under 18 U.S.C. § 3582(c)(2). United States v. Adams, 104 F.3d 1028, 1029 (8th Cir. 1997). "Under section 3582(c)(2), a defendant sentenced to imprisonment based on a sentencing range subsequently lowered by the Sentencing Commission may be entitled to a sentence reduction if the district court determines, in light of the factors set forth in 18 U.S.C. § 3553(a), that a reduction is consistent with applicable policy statements issued by the Commission." United States v. Williams, 103 F.3d 57, 58 (8th Cir. 1996) (citing USSG § 1B1.10(a), p.s.).

Pursuant to section 3582(c)(2), Wyatt sought a reduction in his sentence, asking the district court to apply the new 100 gram-per-plant equivalency ratio retroactively. Wyatt stated that under the new amendment his adjusted offense level would be 23, yielding a sentencing range of 57 to 71 months of imprisonment rather than his original range of 108 to 135 months. Wyatt's original sentence of 60 months is well within the new Guidelines range he asserts. Nevertheless, he seeks a sentence reduction because at the original sentencing, the government moved for a departure below the Guidelines range and below the statutory mandatory minimum, and the district court departed well below the Guidelines range. Consequently, Wyatt argues that applying Amendment 516 entitles him to a new point from which departure should occur, and he argues that he is entitled to a departure from this new Guideline range (and necessarily below the statutory mandatory minimum sentence) proportionally equal to the departure granted at the original sentencing.

In opposition to Wyatt's motion, the government noted that Wyatt has already benefited from a reduced sentence because his originally imposed 60-month sentence is approximately 50 per cent less than the applicable Guidelines range at the time of his original sentencing. The government noted also that Wyatt is subject to a five-year statutory mandatory minimum sentence because the quantity of marijuana plants he was held accountable for exceeded 100. The government argued that, while it originally moved for a departure below the Sentencing Guidelines range and below the mandatory minimum sentence, it would not have done so had the current amendment been effective at the time of the original sentencing. The government also argued that the value of Wyatt's assistance no longer warrants departure and that Wyatt's potential value as a witness was seriously compromised by his subsequent escape from prison. Additionally, the government argued that its decisions not to charge Wyatt with an 18 U.S.C. § 924(c) firearms violation (mandating a consecutive five-year sentence) and not to file notice of Wyatt's status as a repeat drug offender (mandating a minimum ten-year, rather than five-year, sentence) were made in reliance on an expected Guidelines range of 108 to 135 months. For these reasons, the government asserted that a further reduction to Wyatt's sentence was not warranted.

The district court denied Wyatt's motion to reduce his sentence in a handwritten, one-line ruling endorsed on the government's response to Wyatt's motion. The court stated, the "motion to reduce sentence is denied for the reasons set out in the [government's] response." (Appellant's App. F.) Wyatt appeals, arguing that the district court erred in denying the motion because by adopting the government's response, the court considered facts contrary to those in the record at the time of Wyatt's original sentencing and inappropriately considered facts that occurred subsequent to the time of the original sentencing.

To determine whether and to what extent a sentence reduction is warranted on the basis of an amendment designated to apply retroactively, the Guidelines instruct the sentencing court to consider what sentence it would have imposed had the retroactive

4

amendment been in effect at the time the defendant was sentenced.  USSG § 1B1.10(b), p.s.  To determine the amended Guideline range, the court must substitute only the retroactive amendment for the corresponding Guideline provision that applied at the time of the defendant's original sentencing. Id. § 1B1.10 comment. (n.2).  All other Guideline application decisions remain unaffected.  Id.  We have stated that it is "implicit in this directive that the district court is to leave all of its previous factual decisions intact when deciding whether to apply a guideline retroactively." Adams, 104 F.3d at 1031.  After determining the amended Guideline range and considering where the court would have sentenced the defendant had the new range been in effect at the time of the original sentencing, the court must consider the factors set forth in section 3553(a) and make a discretionary determination of whether to reduce the defendant's term of imprisonment. 18 U.S.C. § 3582(c)(2).  See United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993) (USSG 1B1.10 does not mandate retroactive application but gives the sentencing court discretion to reduce the sentence).  Section 3553(a) provides a list of relevant factors to consider in every sentencing determination, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense and to protect the public from further crimes, the kinds of sentences available, and any pertinent policy statement issued by the Sentencing Commission.  18 U.S.C. § 3553(a).

Reduced to its essence, a motion to modify a sentence under section 3582(c) occasioned by a retroactive amendment which alters a previous Guideline range, requires a district court to make two distinct determinations.  First, by substituting only the amended sentencing range for the originally determined sentencing range, and leaving all other previous factual decisions concerning particularized sentencing factors (e.g., role in the offense, obstruction of justice, victim adjustments, more than minimal planning, acceptance of responsibility, number of plants, etc.) intact, the district court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing.  Second, having made the first

determination, the district court must consider that determination together with the general sentencing considerations contained in section 3553(a) and, in the exercise of its thus informed discretion, decide whether or not to modify the original sentence previously imposed.

In this case, the district court's one-line ruling, denying the motion to reduce the sentence "for the reasons stated in the [government's] response," (Appellant's App. F), completely omits the first step of the decision-making process prescribed by the Guidelines. As noted above, the first step requires the sentencing court to consider what sentence it would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced. USSG § 1B1.10(b), p.s. The district court's cryptic denial of the motion gives no indication to this court that the district court considered this factor. A sentencing court abuses its discretion by not considering a relevant factor that should have been given significant weight. See United States v. McNeil, 90 F.3d 298, 300 (8th Cir.) (noting the sentencing court also abuses its discretion by considering and giving significant weight to an improper factor or by considering all proper factors but making a clear error in judgment), cert. denied, 117 S. Ct. 596 (1996). The denial of Wyatt's motion for a sentence reduction, absent any indication that the district court considered what would have been an appropriate sentence under the retroactive amendment, constitutes an abuse of discretion. On remand, the district court must consider what sentence it would have imposed had the amendment been in effect at the time of the original sentencing.

Because we remand for reconsideration of Wyatt's motion for a sentence reduction, we will briefly address Wyatt's arguments that the district court considered improper factors in denying his motion to modify. Wyatt contends that the district court should not have considered what other charges the government might have been able to file had it not entered the plea agreement. While we agree that the district court should not speculate about what charges the government chose not to pursue, the

6

district court is free to consider the complete nature of the defendant's crime pursuant to section 3553(a).

Wyatt also argues that the district court erred by not granting his motion to modify his original sentence because, although his original departure-driven sentence is within the new amended sentencing range, the court is bound to honor its original decision to grant a departure, and to now depart from the amended Guidelines range based upon Wyatt's prior substantial assistance.  We disagree.  The Guidelines instruct that when a district court considers what sentence it would have imposed had the amendment been in effect at the time of the original sentencing, the court considers the amended Guidelines provision, but "[a]ll other guideline application decisions remain unaffected."  USSG § 1B1.10 comment (n.2).  A discretionary decision to depart from the Guidelines range on the basis of substantial assistance made at the original time of sentencing is not a "guideline application decision" that remains intact when the court considers the new Guideline range.  Id.  The district court's discretionary decision of whether to depart from the new amended Guidelines range based upon Wyatt's prior substantial assistance is not dictated or mandated by either its prior decision to depart or by the extent of its prior departure, because "the benefit accruing from a lowered sentencing range is independent of any substantial-assistance considerations."  Williams, 103 F.3d at 58.  The district court retains unfettered discretion to consider anew whether a departure from the new sentencing range is now warranted in light of the defendant's prior substantial assistance.

Finally, Wyatt argues that the district court erred by considering his subsequent escape, for which he was independently prosecuted and sentenced.  For purposes of considering where in the new Guidelines range the court would have sentenced Wyatt, the subsequent escape is not a relevant factor.  However, it is appropriate for the district court to consider his escape as relevant to the defendant's nature and characteristics when determining whether ultimately to grant the motion to modify his sentence.  The factors of section 3553(a) are relevant to the district court's ultimate

determination of whether to grant or deny the motion to modify Wyatt's sentence, after the court first considers what sentence it would have imposed had the retroactive amendment been in effect at the time of the original sentencing.

While "[w]e know of no authority that requires the court mechanically to list every consideration" when it considers a sentencing reduction, the district court must state reasons for its decision and there must be some indication that the court has considered the relevant factors. <u>Adams</u>, 104 F.3d at 1031. In this case, the district court merely adopted the government's entire response as its reason for denying Wyatt's motion to reduce his sentence. As discussed above, that response gives no indication that the district court first considered what sentence it would have imposed had the amendment applied at the time of the original sentencing. This is not to say that the district court must grant the motion to reduce Wyatt's sentence on remand. Regardless of the outcome of the motion, in order for this court to conclude that the district court appropriately exercised its discretion, the record must give some indication that the district court took into its discretionary decision the considerations required by the Guidelines.

For the reasons stated above, we reverse the judgment of the district court and remand for reconsideration of Wyatt's section 3582(c)(2) motion.


A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.