[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 96-2256

_____

D. C. Docket No. 91-68-CR-FTM-25D

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE THOMAS CHARLES VAUTIER,
a.k.a. Ian Garfield McKinnon, etc.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 24, 1998)**

ON PETITION FOR REHEARING

Before COX and HULL, Circuit Judges, and KRAVITCH, Senior Circuit Judge.

HULL, Circuit Judge:

Appellant's Petition for Rehearing is GRANTED in part and DENIED in part.

While the majority of the previous opinion remains the same, this court has revised certain portions of the previous opinion to address matters raised in Appellant's Petition for Rehearing. Thus, the court VACATES and WITHDRAWS the previous opinion dated May 11, 1998, 140 F.3d 1361 (11th Cir. 1998), and substitutes the following opinion.

Appellant Wayne Thomas Charles Vautier appeals the district court's denial of his motion to reduce his sentence filed pursuant to 28 U.S.C. § 3582(c)(2). We affirm.

## I. FACTS

A. <u>Original Sentence</u>

Vautier pled guilty to conspiracy to manufacture and possess with intent to distribute 100 or more marijuana plants in violation of 18 U.S.C. § 846, possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), and conspiracy to use intimidation and threats and/or corruptly persuading another person to influence the testimony in an official proceeding in violation of 18 U.S.C. §§ 371 and 1512(b)(1). At sentencing, the district court found Vautier responsible for 465 marijuana plants and 206 grams of hashish oil. Under the sentencing guidelines, the marijuana plants and hashish oil were converted into a marijuana equivalency of 475.10 kilograms, giving Vautier a base offense level of 28. <u>See</u> U.S.S.G. § 2D1.1 (1992).

The district court made several adjustments to Vautier's offense level.  The district court adjusted Vautier's offense level upward four levels for his role in the offense and two levels for obstruction of justice.   The district court also adjusted the offense level downward two levels for acceptance of responsibility, giving Vautier an adjusted offense level of 32.  On the Government's 5K2.1 motion, the district court departed upward six levels for Vautier's causing the death of his brother during the commission of a drug trafficking offense.   On the Government's 5K1.1 motion for substantial assistance, the district court departed downward eight levels, making Vautier's final total offense level 30.[1]  The court sentenced Vautier to a total of 120 months.[2]  Vautier's sentence was affirmed on direct appeal. United States v. Vautier, 36 F.3d 93 (11th Cir. 1994) (table).

B. Amendment 516

---

[1]     At the sentencing hearing, the government moved for a two-level downward departure based on Vautier's substantial assistance.  The district court granted this motion, which should have resulted in an offense level of 36 and sentencing guideline range of 188 to 235 months.  However, without restating the specific number of levels it intended to depart for substantial assistance, the court imposed a sentence of 120 months.  On appeal, the parties do not address this discrepancy and assume the court imposed an eight-level downward departure for substantial assistance.  Thus, for purposes of this appeal, we assume that the court granted an eight-level downward departure for substantial assistance, arriving at a total offense level of 30.

[2]     Since Vautier fell within a criminal history category of I, the applicable sentencing range for his total offense level of 30 was 97 to 121 months.

3

Two years later, the Sentencing Commission adopted Amendment 516, which reduced the weight equivalent per plant from 1,000 grams to 100 grams of marijuana. See U.S.S.G. § 2D1.1(c) (1995). Under Amendment 516, the total weight of marijuana attributable to Vautier for sentencing purposes would be reduced to 47.8 kilograms, resulting in a base offense level of 20, as opposed to the base offense level of 28 at sentencing. The Sentencing Commission expressly provided that Amendment 516 have retroactive effect. See U.S.S.G. App. C, amend. 516.

A defendant serving a prison sentence may seek a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) if the guideline range applicable to that defendant is lowered as a result of Amendment 516. U.S.S.G. § 1B1.10 (1995). Based on Amendment 516, Vautier filed a motion to reduce his sentence pursuant to § 3582(c)(2). The district court denied the motion, stating that "in light of this Court's expressed concern of the defendant's demonstrated violence and factoring all of the other considerations that went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines." On appeal, Vautier argues that the district court erred in denying his § 3582(c)(2) motion to reduce his sentence.[3]

---

[3] We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for an abuse of discretion. See United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997).

## II. DISCUSSION

We first review § 3582(c)(2) and Sentencing Guideline 1B1.10, which govern the district court's consideration of defendant's motion.

A. Section 3582(c)(2)

Section 3582(c)(2) addresses reductions in sentences when the sentencing range has been lowered and provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that –
> ...
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. 3582(c)(2). In construing § 3582(c)(2), this court has held that "[w]hen a sentencing guideline is amended to benefit an offender and retroactive application is authorized, the district court may reduce the previously imposed sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.'" United States v. Brown, 104 F.3d 1254, 1255 (11th Cir. 1997) (quoting in part 18 U.S.C. § 3582(c)(2)).

5

Section 1B1.10(b) of the Sentencing Guidelines requires the district court to consider what sentence it would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced, as follows:

> (b)  In determining whether, and to what extent, a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the sentence that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced.

U.S.S.G. § 1B1.10(b).[4]  The commentary accompanying U.S.S.G. § 1B1.10(b)

---

[4]  Section 1B1.10 states in full:

> (a)  Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2).  If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

> (b)  In determining whether, and to what extent, a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the sentence that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced.

> (c)  Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, and 516.

6

instructs the court that "[i]n determining the amended guideline range under subsection (b), the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected." U.S.S.G. § 1B1.10, comment. n.2.

Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2). See United States v. Brown, 104 F.3d 1254, 1255 (11th Cir. 1997); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997). First, the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact. U.S.S.G. § 1B1.10(b), comment. n.2; see also Wyatt, 115 F.3d at 609 (holding that district court must leave intact "all other previous factual decisions concerning particularized sentencing factors"). Second, in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence.

B. Vautier's Motion To Reduce

Vautier pro se first contends that the district court was required to grant his motion to reduce his sentence.[5]  We disagree.  Although the district court must undertake the two-step analysis outlined above, the district court is not required to reduce the defendant's sentence.  See United States v. Vazquez, 53 F.3d 1216, 1227-28 (11th Cir. 1995).  Both the language of § 3582(c)(2) and this circuit's precedent indicate that the sentencing court's power to reduce a sentence is discretionary.  See 18 U.S.C. § 3582(c)(2) (stating that court "may reduce the term of imprisonment"); United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997) ("A court's power to reduce sentences under § 3582(c)(2) is discretionary.").

In the alternative, Vautier pro se argues that the statutory grant of discretionary authority in § 3582(c) is ambiguous and thus, the rule of lenity should apply.  The rule of lenity requires that actual ambiguities in criminal statutes, including sentencing provisions, be resolved in favor of criminal defendants.   United States v. Lazo-Ortiz,136 F.3d 1282, 1286 (11th Cir. 1998).  Vautier's contention on this point also lacks merit.  The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary.

---

[5]	Appellant Vautier proceeded pro se in this appeal and filed the initial brief.  Subsequently, the Court appointed counsel for Vautier and his counsel filed a supplemental brief.

Vautier and his counsel next argue that the district court was required to apply its previous eight-level downward departure to the amended guideline when considering what sentence it would have imposed under the amended guideline. It is clear that the court was required to substitute the amended guideline range for the originally applied guideline range and consider what sentence it would have imposed. To date, this court has not addressed whether, as part of this consideration, the district court must re-apply a downward departure granted at the original sentencing.

Vautier and his counsel contend U.S.S.G. § 1B1.10 requires the district court to apply the original adjustments and departures, but this time to a new starting point -- the base offense level under the amended guideline. Thus, according to Vautier, the district court in his case was required to apply all the adjustments and departures made at his original sentencing, including the eight-level downward departure, to his new base offense level of 20 under the amended guideline to arrive at a total offense level of 22 and a sentencing range of 41 to 51 months.[6]

---

[6] The parties do not dispute that Vautier's base offense level under the amended guideline would be 20. Applying a four-level upward adjustment for the role in the offense, a two-level upward adjustment for obstruction of justice, and a two-level downward adjustment for acceptance of responsibility, Vautier's adjusted offense level would be 24. With a criminal history category of I, Vautier's amended guideline range would be 51-63 months. Under Vautier's argument, the court then would be bound to apply the six-level upward departure for causing his brother's death and the eight-level downward departure for substantial assistance for a total offense level of 22.

This precise issue was addressed correctly by the Eighth Circuit in United States v. Wyatt, 115 F.3d 606, 610 (8th Cir. 1997). Wyatt held that the district court is not bound to honor its original downward departure when considering what sentence it would have imposed had the amended guideline been in effect at the time of sentencing. In Wyatt, 980 marijuana plants were attributed to the defendant for sentencing purposes. 115 F.3d at 607. The defendant's sentence was determined after the district court granted the government's 5K1.1 motion for a downward departure for substantial assistance. Id. Following the enactment of Amendment 516, the defendant

moved to modify his sentence pursuant to § 3582(c)(2). Id. at 608. The defendant argued "that applying Amendment 516 entitle[d] him to a new point from which departure should occur, and ... that he [was] entitled to a departure from this new Guideline range ... proportionally equal to the departure granted at the original sentencing." Id. The Eighth Circuit disagreed, explaining that, although the commentary to U.S.S.G. § 1B1.10 states that "all other guideline application decisions remain unaffected" when the court considers what sentence it would have imposed had the amended guideline been in effect at the time of the original sentencing, a discretionary decision to permit a downward departure from the amended guideline range for substantial assistance is not such a "guideline application decision," as

10

follows:

> The Guidelines instruct that when a district court considers what sentence it would have imposed had the amendment been in effect at the time of the original sentencing, the court considers the amended Guidelines provision, but "[a]ll other guideline decisions remain unaffected." A discretionary decision to depart from the Guidelines range on the basis of substantial assistance made at the original time of sentencing is not a "guideline application decision" that remains intact when the court considers the new Guideline range. The district court's discretionary decision of whether to depart from the new amended Guidelines range based upon Wyatt's prior substantial assistance is not dictated or mandated by either its prior decision to depart or by the extent of the prior departure, because "the benefit accruing from a lowered sentence range is independent of any substantial-assistance considerations." The district court retains unfettered discretion to consider anew whether a departure from the new sentencing range is now warranted in light of the defendant's prior substantial assistance.

Id. at 610 (citations omitted).

We find the reasoning of the Eighth Circuit persuasive and hold that a district court, ruling on a defendant's § 3582(c)(2) motion, has the discretion to decide whether to re-apply a downward departure for substantial assistance when considering what sentence the court would have imposed under the amended guideline. This conclusion is supported by the Sentencing Commission's latest amendment to U.S.S.G. § 1B1.10, which provides in the commentary, inter alia, that "[w]hen the original sentence represented a downward departure, a comparable reduction below the amended guideline range may be appropriate;..." See U.S.S.G. § 1B1.10, comment. n.3. (emphasis supplied). The negative inference of this permissive

11

language indicates that a downward departure may also be inappropriate. Thus, whether to consider a downward departure in determining what sentence the court would have imposed under the amended guideline remains discretionary, and the court is not bound by its earlier decision at the original sentencing to depart downward from the sentencing guidelines range.

Finally, Vautier's counsel contends that even if the district court retains discretion to decide whether to reapply a downward departure for substantial assistance, the court abused that discretion in considering what sentence the court would have imposed under the amended guideline. Since Vautier's original sentence of 120 months was not reduced, Vautier's counsel argues that the indirect effect of the district court's denial of Vautier's motion was either (1) to change the prior "eight-level downward departure to no downward departure," or, (2) to change the prior six-level upward departure to a "de facto fourteen-level upward departure" for the death of Vautier's brother.

These final contentions by Vautier's counsel also lack merit because a district court in ruling on a § 3582(c)(2) motion considers the amended guidelines provision, but all other guideline decisions remain unaffected. The prior downward or upward departures are not reevaluated or recounted either directly or indirectly as Vautier's counsel argues. As outlined by the Eighth Circuit in Wyatt above, the district court's

12

discretionary decision whether to depart from the amended guidelines range is not dictated or mandated by either its prior decision to depart or the extent of the prior departure. Instead, the benefit accruing from a lower sentence range under an amended guideline is <u>independent</u> of any prior substantial-assistance downward departure or any other prior departures upward or downward.

Also, acceptance of Vautier's arguments would mean that when an amended guideline becomes retroactive, a district court is required to reduce a defendant's sentence at least to some extent if a reduction in an offense level under an amended guideline (here an eight-level reduction) equals or is greater than a prior downward departure (here a prior eight-level downward departure); however, that is not the law. A § 3582(c)(2) motion is discretionary and the district court did not abuse its discretion in denying Vautier's motion.

C. <u>Section 3553(a) Factors</u>

The district court also correctly considered the § 3553(a) factors in ruling on Vautier's motion.[7] In support of its decision not to reduce Vautier's sentence, the

---

[7]     The § 3553(a) factors that must be considered by the district court in ruling on a defendant's § 3582(c)(2) motion to reduce his sentence include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as reflect the seriousness of the offense, afford adequate deterrence, protect the

district court cited "defendant's demonstrated violence and . . . all the other considerations that went in to the establishment of this defendant's sentence." The district court is not required to articulate specifically the applicability, if any, of each factor, as long as the record as a whole "demonstrates that the pertinent factors were taken into account by the district court." United States v. Eggersdorf, 126 F.2d 1318, 1322 (11ᵗʰ Cir. 1997), cert. denied, 118 S. Ct. 1204 (1998) (finding sufficient reasons provided in district court's short order referencing Government's brief that enumerated specific elements relevant to § 3553(a) inquiry). The record as a whole demonstrates that pertinent § 3553(a) factors, especially Vautier's demonstrated violence, were taken into account.

Even assuming that the district court may incorporate by reference the factors considered at the original sentencing hearing, Vautier's counsel argues that at the original sentencing hearing the district court impermissibly relied on Vautier's need for psychiatric treatment and thus erred in relying on it again in denying Vautier's motion to reduce his sentence. Section 3553(a)(2)(D) provides that a "court, in determining the particular sentence to be imposed, shall consider . . . the need for the

---

public, or the defendant's educational, medical, or correctional treatment needs; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted sentence disparities among defendants; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

sentence imposed . . . to provide the defendant with needed . . . medical care . . ." 18 U.S.C. § 3553 (a)(2)(D). Vautier's counsel correctly points out that this court previously has held that the need for medical care may not be considered in fixing the length of imprisonment, but may be considered in fixing the terms of the sentence other than incarceration. United States v. Harris, 990 F.2d 594 (11th Cir. 1993). The rationale adopted by the Harris court was that the Sentencing Reform Act rejects imprisonment as a means of promoting rehabilitation. Id. at 595.

The flaw in this final argument is that the district court's reference to Vautier's need for psychiatric care at the original sentencing hearing was not made at the time of, or in connection with, the court's determination of the number of months of imprisonment. Instead, the court's reference that Vautier challenges was made only after the district court had completed all guideline calculations, had imposed the final imprisonment sentence, had imposed four years of supervised release with required psychiatric counseling, had advised Vautier of his appeal rights, had inquired about any objections to the sentence, and had discussed the appropriate facility for Vautier's incarceration. The court asked both counsel if there was anything further and both replied in the negative. Instead of recessing at that point, the district court made an off-hand general remark about psychiatric treatment after the sentence was completed. Vautier's new counsel now challenges that remark, even though no objections were

made by prior counsel at the time. A reading of the challenged reference to psychiatric treatment in context and the sentencing transcript as a whole does not establish that the district court simply selected the number of months to be imprisoned based on impermissible medical factors but instead shows that the district court based the length of imprisonment appropriately on the guideline calculations.

In summary, although the district court's order ruling on Vautier's motion is brief, a review of the entire record demonstrates that the district court properly undertook the two-step inquiry in deciding not to reduce Vautier's sentence. Consequently, we conclude that the district court did not abuse its discretion in denying Vautier's motion to reduce his sentence.[8]

---

[8] Likewise, we conclude that the district court did not abuse its discretion in considering evidence from Vautier's original sentencing hearing in ruling on the motion to reduce his sentence. Vautier's reliance upon United States v. Townsend, 55 F.3d 168 (5th Cir. 1995) is misplaced. Townsend involved a district court's refusal to resentence a defendant based on testimony given in a hearing involving one of the defendant's co-conspirators. The Fifth Circuit found this problematic because the defendant was not given advance notice so that he could contest the testimony. In this case, the district court relied on evidence from Vautier's own sentencing hearing, which Vautier and his counsel attended and during which Vautier had an opportunity to, and did in fact, contest many issues and present rebuttal evidence. The concerns raised in Townsend are not present in this case.

Furthermore, contrary to Vautier's assertions, "§ 3582(c)(2) and related sentencing guidelines do not contemplate a full de novo resentencing." See United State v. Cothran, 106 F.3d 1560, 1562-63 (11th Cir. 1997). The commentary to U.S.S.G. § 1B1.10(b) directs the district court only to substitute the amended guideline for the original guideline applied to the defendant and to leave all other

AFFIRMED.

_____

guideline applications intact. "We think it implicit in this directive that the district court is to leave all of its previous factual decisions intact when deciding whether to apply a guideline retroactively." Id. at 1563 (quoting United States v. Adams, 104 F.3d 1028, 1030-31 (8th Cir. 1997)). The court also finds no merit to Vautier's contentions that the district court erred in denying his "Petition for an Enlargement of Time" to respond to the Government's brief opposing Vautier's Motion to Reduce Sentence.