# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2996
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| vs. | * | District Court for the |
| | * | District of Nebraska |
| Kevin Jones, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 13, 2009
Filed: April 14, 2009

_____

Before MURPHY and SMITH, Circuit Judges, and KAYS,[1] District Judge.

_____

PER CURIAM.

Appellant Kevin Jones filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court[2] granted Jones a two level reduction and imposed a 120 month within the Guidelines sentence. Jones appeals the court's refusal to grant more than a two-level reduction in the offense level. We affirm.

_____

[1] The Honorable Greg Kays, United States District Judge for the Western District of Missouri, sitting by designation.

[2] The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

## I. Background

In 1998 Kevin Jones plead guilty by agreement to an amended information charging him with possession with intent to distribute cocaine base, commonly known as "crack cocaine," and using or carrying a firearm in connection with a drug trafficking crime. In 1999 the district court,[3] applying the mandatory sentencing guidelines in effect prior to *United States v. Booker*[4] sentenced Jones to 162 months for distribution of crack cocaine to be served consecutively with a 60 month sentence for carrying a handgun in conjunction with a drug offense. The 162 month sentence was the maximum under the guideline range of 130 to 162 months resulting from an offense level of 27 and a criminal history category VI.

On November 1, 2007, Amendment 706 to the Sentencing Guidelines went into effect lowering sentencing ranges for crack cocaine offenses by two offense levels. Amendment 713 subsequently made this change retroactive.

On June 24, 2008, Jones filed a motion under 18 U.S.C. § 3582(c)(2) seeking to reduce his sentence on the distribution charge based on the retroactive Guideline Amendment.[5] The district court held a hearing on August 11, 2008, determined Jones was entitled to a sentence adjustment, and reduced his sentence on the distribution charge to 120 months, a sentence in the middle of his newly adjusted guideline range of 110 to 137 months.

Jones appeals.

---

[3] The Honorable William G. Cambridge, United States District Judge for the District of Nebraska. This case was assigned to Judge Smith Camp on May 16, 2006 following Judge Cambridge's retirement.

[4] 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005).

[5] Jones did not seek to reduce his sentence on the firearms charge, and that aspect of his sentence is not at issue in this appeal.

## II.  Discussion

We review *de novo* a district court's legal conclusions about the scope of its authority under 18 U.S.C. § 3582(c)(2).  *United States v. Lewis*, 557 F.3d 601, 613 (8th Cir. 2009).  We review for abuse of discretion a district court's decision to reduce a sentence under 18 U.S.C. § 3582(c)(2).  *United States v. Wyatt*, 115 F.3d 606, 609 (8th Cir. 1997).

Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(0), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The applicable policy statement here is provided by section 1B1.10 of the Sentencing Guidelines, which states that proceedings under § 3582(c)(2) are not full resentencings and that a district court may not reduce a sentence to a term less than the minimum amended guideline range.  U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(A) (2007).

Jones argues that the district court improperly limited his sentence reduction to a two-level reduction in the offense level.  He argues that the district court erred in not recognizing that *Booker* applies to resentencings under § 3582(c)(2), erred in treating the amended guideline range as the default range, and abused its discretion in not finding that the amended guideline range was still greater than necessary to serve the sentencing goals of § 3553(a).  All of his arguments turn on whether *Booker* applies to his resentencing or not.

We recently held in *United States v. Starks* that *Booker* does not apply to resentencings under § 3582(c).  551 F.3d 839, 840 (8th Cir. 2009).  In *Starks* we observed that "sentence reductions based on retroactive guideline amendments" are

sentence modification proceedings governed by § 3582(c), and that in enacting § 3582(c) Congress limited the authority of a district court to modify a sentence. *Id.* at 841-42. We further noted that this limitation does not raise the constitutional concerns at issue in *Booker*, and that *Booker* did not invalidate § 3582(c). *Id.* We concluded that a district court may not reduce a sentence below the amended guideline range, and that it was not error for a district court "to refuse to consider a further reduction based on § 3553(a) or to hold an evidentiary hearing for that purpose." *Id.* at 843; *accord United States v. Dunphy*, 551 F.3d 247 (4th Cir. 2009); *United States v. Rhodes*, 549 F.3d 833 (10th Cir. 2008); *but see United States v. Hicks*, 472 F.3d 167 (9th Cir. 2007).

Consistent with *Starks,* we hold that the district court did not err in limiting Jones' sentence reduction to a two-level reduction in the offense level. We affirm.

_____