# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1325

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Missouri. |
| Lewis C. Curry, | * |
| | * |
| Appellant. | * |

_____

Submitted: September 24, 2009
Filed: November 9, 2009

_____

Before LOKEN, Chief Judge, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Lewis Curry appeals the district court's[1] denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We affirm.

I.

In 2005, Curry was charged with possession with intent to distribute five or more grams of cocaine base, commonly know as "crack." The Presentence

_____

[1]The Honorable Catherine D. Perry, now Chief Judge, United States District Court for the Eastern District of Missouri.

Investigation Report calculated that the guideline range for Curry's offense was between 92 and 115 months. Because Curry had several prior felony convictions involving controlled substances, however, the government had the option of filing a notice of those offenses under 21 U.S.C. § 851, which would have subjected Curry to a mandatory 120-month minimum sentence. In exchange for Curry's guilty plea, the government agreed not to file the § 851 notice and to recommend a 100-month sentence.

At the sentencing hearing, both Curry and the government referenced the government's forbearance of the § 851 notice and encouraged the district court to accept the parties' joint recommendation of 100 months. Concluding that 100 months was a reasonable sentence under the circumstances, the district court accepted the recommendation and sentenced Curry accordingly.

In April 2008, Curry filed a motion to reduce his sentence based on Amendment 706 to the United States Sentencing Guidelines, which reduced the base offense level for various quantities of crack cocaine. Under 18 U.S.C. § 3582(c)(2), a defendant may be eligible for a sentence reduction if he is currently serving a sentence for a crack cocaine offense and the amendment has lowered the guideline range under which he was originally sentenced. See United States v. Gamble, 572 F.3d 472, 474 (8th Cir. 2009) (discussing Amendment 706).

Both parties agreed that Curry qualified for a possible sentence reduction and that application of the amendment would have resulted in a guideline range of 77 to 96 months. The government argued, however, that the court should deny Curry's motion or, in the alternative, impose a sentence of no less than 83 months. In a four-page order that included substantial discussion of the procedural history and applicable law, the court denied Curry's motion. The court acknowledged that Curry qualified for a sentence reduction, but concluded that a reduction was inappropriate because of Curry's extensive criminal history and the fact that his 100-month sentence

was negotiated with the government. The court was particularly influenced by Curry's criminal history, observing that most of his eleven prior convictions were for serious felonies, including weapons offenses, resisting arrest, and assault of a law enforcement officer.

## II.

We review a district court's denial of a sentence reduction motion for abuse of discretion. United States v. Whiting, 522 F.3d 845, 852-53 (8th Cir. 2008). In United States v. Wyatt, we stated that a district court considering a motion to modify a sentence should make two determinations:

> First, by substituting only the amended sentencing range for the originally determined sentencing range, and leaving all other previous factual decisions concerning particularized sentencing factors . . . intact, the district court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing. Second, . . . the district court must consider [the first] determination together with the general sentencing considerations contained in section 3553(a) and, in the exercise of its thus informed discretion, decide whether or not to modify the original sentence previously imposed.

115 F.3d 606, 609 (8th Cir. 1997).

Citing the language in Wyatt, Curry contends that the district court abused its discretion by failing to state what sentence it would have imposed if the amended guideline had been in effect when he was originally sentenced. The Wyatt formulation, however, has been abrogated by changes to the Guidelines. District courts are no longer required to consider what sentence they would have originally imposed had the amended guideline been in effect. See United States v. Chaney, 581 F.3d 1123, 1126-27 (9th Cir. 2009).

The two-step process discussed in Wyatt was derived from U.S.S.G. § 1B1.10(b). Wyatt, 115 F.3d at 608-09. When we decided Wyatt, § 1B1.10(b) provided that "the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines . . . been in effect at the time the defendant was sentenced . . . ." In 2008, the Sentencing Commission eliminated the language requiring that a court consider the sentence it would have imposed. Section 1B1.10(b) now simply states that "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." There is no dispute that the amended guideline range was accurately determined in this case.

The district court recognized that Curry was eligible for a sentence reduction, and the parties agreed that the amended sentencing range would have been between 77 and 96 months. The district court made clear why it believed 100 months was and continued to be an appropriate sentence, even in light of the crack cocaine amendment. Specifically, the court emphasized Curry's extensive criminal history and noted that the 100-month sentence was the product of a negotiation in which the government agreed not to seek a 120-month mandatory minimum. Accordingly, the court did not abuse its discretion in failing to explicitly state what sentence it would have imposed had the amendment been in effect when Curry was originally sentenced.

Curry next argues that the district court abused its discretion in considering the government's forbearance of the § 851 notice as a ground for denying his motion. Curry again cites Wyatt, in which we held that a district court should not speculate about what other charges the government might have pursued if the defendant had not pled guilty. 115 F.3d at 609. We also noted, however, that the district court was "free to consider the complete nature of the defendant's crime pursuant to section 3553(a)." Id. Curry maintains that the district court engaged in prohibited speculation when it referred to his negotiation with the government to avoid the mandatory minimum

sentence. We disagree. In <u>Wyatt</u>, the government's ability to obtain a lengthier sentence was uncertain. The record did not clearly establish what additional charges could have been brought and what type of sentence the defendant would have received.

In this case, it is undisputed that the government could have obtained a longer prison term when Curry was originally sentenced. As noted above, both parties acknowledged at Curry's sentencing that the government had intentionally refrained from filing notice of Curry's prior convictions. Curry does not contest the existence of those convictions or that the government had the ability to invoke the 120-month mandatory minimum. Thus, the district court's observation that Curry's 100-month sentence was the product of negotiation was an accurate reflection of the record and not speculation regarding what might otherwise have occurred.

The judgment is affirmed.[2]

————————————————————

[2]We likewise reject Curry's argument that the district court failed to consider whether a sentence reduction would have posed a danger to any person or the community. <u>See</u> U.S.S.G. § 1B1.10 cmt. n.1(B)(ii). The court's discussion of Curry's prior violent felonies—which, as previously discussed, included weapons offenses and assault on a law enforcement officer— demonstrates that the court took this factor into consideration.