LOKEN, Circuit Judge,
dissenting.
Larry Burrell argues for the first time on appeal that the district court committed procedural error when it failed to adequately explain its grant of a routine sentence reduction under 18 U.S.C. § 3582(c)(2). As the Supreme Court recently observed, “anyone familiar with the work of courts understands that errors are a constant in the trial process, that most do not much matter, and that a reflexive inclination by appellate courts to reverse because of unpreserved error would be fatal.” Puckett v. United States, — U.S. -, 129 S.Ct. 1423, 1428, 173 L.Ed.2d 266 (2009), quoting United States v. Padilla, 415 F.3d 211, 224 (1st Cir.2005) (en banc) (Boudin, C.J., concurring). Accordingly, we have wisely held that the plain error standard of review set forth in Rule 52(b) of the Federal Rules of Criminal Procedure applies to a procedural sentencing error, including failure to adequately explain a sentencing decision, that is not properly preserved in the district court. United States v. Statman, 604 F.3d 529, 534 (8th Cir.2010); see United States v. *967 Bain, 537 F.3d 876, 881 (8th Cir.2008); United States v. Phelps, 536 F.3d 862, 865-66 (8th Cir.2008). I disagree with the majority’s refusal to apply these controlling precedents. Because there was no plain error, I respectfully dissent.
1. I can think of two reasons why the plain-error standard might not apply to this alleged procedural error. First is the distinction between “exceptions” to rulings or orders, which Rule 51(a) declares to be “unnecessary,” and claims of error, which Rule 51(b) provides must be preserved by timely objection. As Chief Judge Easter-brook explained in United States v. Bartlett, 567 F.3d 901, 910 (7th Cir.2009):
Counsel present positions, and judges then decide. But the rules do not require a litigant to complain about a judicial choice after it has been made.... When the judge surprises counsel, it is far better to air and resolve the matter in the district court than to bypass available opportunities for correction and save the issue for appeal. But when an issue is argued before the judicial ruling, counsel need not take exception once the court’s decision has been announced. That’s what Rule 51(a) says.
Here, Burrell’s motion urged the district court to sentence him to 121 months in prison, the bottom of the revised guidelines range. When the court imposed a greater sentence, Burrell did not need to take exception to that ruling to argue on appeal that the greater sentence was an abuse of discretion. But other claims of error required an objection. For example, if Burrell wished to argue that the government had urged an improper sentencing factor, he must raise that issue to the district court in a reply to the government’s response to preserve the claim of error for appeal under Rule 51(b). Likewise, his assertion that the court failed to adequately explain its ruling is a new claim of procedural error that, under our controlling decisions in Statman and Bain, must be properly preserved to avoid the plain-error review on appeal.
Second, because the district court held no hearing on the § 3582(c)(2) motion, the alleged inadequate explanation came in the court’s final ruling. Therefore, the majority posits, this situation falls within a proviso in Rule 51(b): “If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party.” I have found no appellate decision addressing the issue in this context. I conclude the majority’s position is unsound.
Burrell had an obvious opportunity to present this claim of error to the district court so that, if inadvertent, the error could be cured “up front” — a motion to reconsider the order, noting that Burrell intended to challenge the reasonableness of the sentence on appeal and arguing that the absence of an adequate explanation would not “allow for meaningful appellate review,” as this court now concludes, ante p. 966. Of course, such a motion must be promptly filed, because appeals from § 3582(c)(2) sentence modifications must be filed within the 14 days allowed in criminal cases by Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure. See United States v. Petty, 82 F.3d 809, 810 (8th Cir.1996). But it is nonetheless an effective opportunity to object because a motion to reconsider will toll the time to appeal, see United States v. Brewer, 60 F.3d 1142, 1143-44 (5th Cir.1995), and in any event the district court may extend the time to appeal under F.R.A.P. 4(b)(4) while it rules on the motion. The alternative to requiring a motion to reconsider when a § 3582(c)(2) motion is decided without a hearing is to allow the disappointed party to “game” the system by arguing unpreserved procedural errors on appeal, as the cóurt allows here.
*968 2. Applying the plain-error standard of review to this issue, I conclude we must affirm. Burrell pleaded guilty to conspiracy to possess with intent to distribute 586 grams of cocaine base and 665 grams of powder cocaine. His Plea Agreement recited that a ten-year mandatory minimum sentence applied to this quantity, and that the parties would “jointly recommend an upward departure to a term of 168 months” if the advisory guidelines range was 121-151 months. Neither party submitted a sentencing memorandum. At sentencing, the district court made two rulings in Burrell’s favor in determining an advisory range of 151-188 months in prison. Consistent with the Plea Agreement’s recommended upward departure, the court then imposed a 168-month sentence in the middle of that range.
The majority quotes Burrell’s cryptic motion for a reduced sentence of 121 months in prison, the bottom of the revised guidelines range. The government’s lengthy response agreed that the amended range was 121-151 months and did not oppose a reduction within that range. The government accurately described the analysis mandated by § 3582(c)(2) and U.S.S.G. § 1B1.10 in exercising the court’s discretion.[3] After reciting that Burrell was responsible for 586 grams of cocaine base “that was moved from the Twin Cities up to Bemidji, Minnesota,” the government urged that his sentence be reduced to 151 months, the top of the revised range:
A sentence of 151 months is an appropriate sentence given the defendant’s conduct. He relocated to Bemidji, Minnesota, to establish a large drug distribution network. He used his home as a stash house with his girlfriend, Tamika Brown, and their children. They even used Section 8 [subsidized] housing to pay for the new crack house. Burrell also employed a young man, Theto Hatley, in the distribution ring. A 151 month term is a guidelines sentence with[in] the recent amendments and reasonable under the circumstances.
Burrell did not reply to the government’s response or request a hearing on his § 3582(c)(2) motion. Two weeks later, the district court issued the order quoted on page 3 of the court’s opinion.
While a fuller explanation would clearly have assisted our appellate review, I am inclined to conclude that the district court’s reference to the government’s detailed response was sufficient explanation of why the court granted less than a “proportional” § 3582(c)(2) sentence reduction. But even if the explanation was inadequate and therefore error, it was not reversible plain error. The explanation clearly would have been adequate for meaningful appellate review if the district court had written, “For the reasons stated in the government’s response, it is hereby ordered,” rather than what the court wrote, “The government has responded. It is hereby ordered.” Read literally, the difference in these articulations may be more than semantic, but not much more. Thus, the error was not plain, that is, “clear” or “obvious.” United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).
3. Larry Burrell entered into a Plea Agreement stipulating that an upward de *969 parture to 168 months was an appropriate sentence, and the district court imposed that sentence. Burrell’s § 3582(c)(2) motion requesting a sentence at the bottom of the amended range was not supported by an analysis of the § 3553(a) factors or with “post-sentencing conduct” relevant under application note 1(B)(iii) to § 1B1.10. The government urged a sentence at the top of the amended range, presenting strong public safety considerations supporting its position — Burrell and his girlfriend moved substantial quantities of cocaine more than two hundred miles from Minneapolis to Bemidji, a community surrounded by three large Indian reservations, and used a government housing subsidy to help set up a stash house. Burrell did not reply to the government’s analysis or request a hearing. The court had discretion to select a sentence within the new range that was not “proportional.” See United States v. Jones, 325 Fed.Appx. 463 (8th Cir.2009). In these circumstances, there was no plain error and no abuse of discretion. I would affirm.

. The government explained, "Subject to the limits set forth in U.S.S.G. § 1B1.10(b), the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant’s sentence [within the amended range]. In particular, the Court must consider public safety considerations, and it may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative.”