**UNITED STATES of America, Plaintiff–Appellee,**

v.

**George Ray HARRIS, Defendant– Appellant.**

**No. 91–7971.**

United States Court of Appeals, Eleventh Circuit.

May 10, 1993.

---

A. Richard Maples, Jr., Mobile, AL, for defendant-appellant.

Richard H. Loftin, U.S. Atty's Office, Mobile, AL, for plaintiff-appellee.

Before FAY and ANDERSON, Circuit Judges, and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

This sentencing appeal focuses on the distinction between a court's consideration of a defendant's need for drug rehabilitation in fixing the term of imprisonment, which is not permitted by the sentencing guidelines (28 U.S.C. § 994(k) (1988)), and in fixing terms of a sentence other than incarceration, which is mandated (18 U.S.C. § 3553(a)(2)(D) (1988)).

Appellant George Ray Harris was convicted on a guilty plea of conspiracy to distribute and possess with intent to distribute hydromorphone hydrochloride, otherwise known as dilaudid. 21 U.S.C. § 846 (1988) and 18 U.S.C. § 2 (1988). At the time of his sentence, Harris was serving an Alabama state sentence for what the Government conceded was part of the same course of conduct. The parties entered into a plea agreement in which the Government recommended that Harris' 15–month sentence run concurrently with his state sentence. Motivated by a desire that the defendant have enough time in a federal prison to undergo drug treatment in a federal institution, the district court declined to permit the defendant to serve the federal sentence concurrently with the state sentence, but ordered that the federal sentence be served consecutively to the state sentence. Because it appears that the district court may have not followed the guidelines and our cases in imposing the consecutive sentence, we vacate the sentence and remand so that the district court may reconsider the appropriate sentence in light of the guidelines and this opinion.

■ Both parties agree that the applicable guideline, sentencing guideline § 5G1.3(b) (Nov. 1991), requires concurrent sentencing if a defendant is prosecuted in federal and state court for different criminal transactions that are part of the same course of conduct, such as two drug sales. If the defendant has remaining time to serve on a state offense for "the same course of conduct" as the federal offense, which conduct "had been fully taken into account in the determination of the offense level for the" federal offense, the sentence for the federal crime shall be such as to "result in a combined sentence equal to the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all the sentences been imposed at the same time." U.S.S.G. § 5G1.3. This case has been pre-

sented on this appeal as if, to achieve that result, the federal sentence would have to be served concurrently with the state sentence.

The main reason for the district court's decision that the sentence should be consecutive to the state sentence was that the defendant should serve enough time in federal prison to undergo a full program of drug dependency treatment in a federal institution. Apparently the imposition of a concurrent sentence would permit the defendant to serve out his time in a state prison and would not give the defendant the twelve months in federal prison required for a federal drug program. In commenting upon its reasons for the sentence, the district court said:

> [S]ignificantly, it gives enough time for this defendant to undergo a full program of drug dependency treatment in a federal institution. I think that it's extremely important that he have this drug dependency treatment, and they tell me it takes a minimum of 12 months. Of course, it's very much dependent upon the cooperation of the inmate himself. But I would recommend that this be served in an institution where he can obtain treatment for drug abuse.

■ Regardless of the laudable motive of the district court and its sentencing determination that perhaps would give this defendant the best chance for rehabilitation, it appears that, to the extent that this 15–month consecutive sentence would require incarceration for a greater period than would have been imposed under guideline § 5G1.2, it is not within the district court's discretion.

■ Congress has specifically provided that the guidelines shall reflect "the inappropriateness of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant or providing the defendant with needed ... medical care, or other correctional treatment." 28 U.S.C. § 994(k) (1988). "Rehabilitative considerations have been declared irrelevant for purposes of deciding whether or not to impose a prison sentence and, if so, what prison sentence to impose. 28 U.S.C.

§ 994(k)." *United States v. Mogel*, 956 F.2d 1555, 1563 (11th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 167, 121 L.Ed.2d 115 (1992).

It should be noted that this prohibition relates only to the imprisonment part of a sentence and not to any other terms of a sentence. In fact, the precise factors that are not to be considered in imposing imprisonment are set forth by statute as factors to be considered in imposing sentence. "The court, in determining the particular sentence to be imposed, shall consider ... the need for the sentence imposed to provide the defendant with needed ... medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D) (1988).

Citing *Mistretta v. United States*, 488 U.S. 361, 367, 109 S.Ct. 647, 652, 102 L.Ed.2d 714 (1989) for the proposition that the Sentencing Reform Act rejects imprisonment as a means of promoting rehabilitation, Judge Newman discussed the reconciliation of 28 U.S.C. § 994(k) and 18 U.S.C. § 3553(a)(2)(D) in *United States v. Maier*, 975 F.2d 944, 946–47 (2d Cir.1992):

> Congress wanted to be sure that no defendant was locked up in order to put him in a place where it was hoped that rehabilitation would occur. Incarceration would have to be justified by such traditional penological purposes as incapacitation, general deterrence, specific deterrence, and retribution. But Congress expressed no hostility to rehabilitation as an objective of *sentencing*.

For instance, rehabilitation-oriented conditions are appropriate on supervised release. 18 U.S.C. § 3583(d) (1988 & Supp.II 1990) (including by reference 18 U.S.C. § 3563(b)(10)). The guidelines are consistent with these statutory provisions, stating that "it is highly recommended that a [drug-dependent] defendant who is incarcerated also be sentenced to supervised release with a requirement that the defendant participate in an appropriate substance abuse program." U.S.S.G. § 5H1.4. *See also* § 5B1.4(b)(23).

■ Thus it appears clear that it is inappropriate to imprison or extend the term of imprisonment of a federal defendant for the purpose of providing him with rehabilitative treatment. *United States v. Doering,* 909 F.2d 392, 395 (9th Cir.1990) (need for psychiatric treatment is not a ground for upward departure).

On the other hand, this Court has held that when the guidelines require a concurrent sentence, a district court has the authority under 18 U.S.C. § 3584(a) to impose a consecutive sentence if it follows the procedures for departing from the guidelines. *United States v. Perez,* 956 F.2d 1098, 1103 (11th Cir.1992). *See also United States v. Fossett,* 881 F.2d 976, 980 (11th Cir.1989) (saying that the district court may impose a concurrent sentence rather than the required consecutive sentence if it follows the procedures for departing).

■ In determining whether to order a concurrent or consecutive sentence, courts are given a general grant of discretion by 18 U.S.C. § 3584(a) (1988), but they are directed by 18 U.S.C. § 3584(b) (1988) to consider the factors set forth in 18 U.S.C. § 3553(a). The court may depart from the guidelines only if it finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b) (1988). The court must state its reasons for departure. 18 U.S.C. § 3553(c)(2) (1988).

The Presentence Report stated facts that could warrant an upward departure, citing defendant's lengthy prior arrest history and several convictions for which the defendant received no enhancement under the criminal history computation of the guidelines. The PSI noted that had those offenses been counted separately, the defendant would have been classified as a career offender, with a resulting imprisonment range of 168–210 months. The Government did not ask for an upward departure, however, based upon the defendant's cooperation.

Because the district court stated that it would not depart upwardly, we will not review this sentence under the three-step analysis used in reviewing a district court's departure from the sentencing guidelines, *United States v. Weaver,* 920 F.2d 1570, 1573 (11th Cir.1991). After finding that the presentence report did not recommend an upward departure, but only made note of factors which might justify an upward departure, the court then stated "The Court will not depart upwardly."

We might note that it is not clear from the briefs and argument of this case to what extent, if at all, the 15–month prison sentence and five years of supervised release departs upward from the period of imprisonment that would be permitted under guideline § 5G1.3 without an upward departure. The case was argued solely with respect to the concurrent/consecutive dichotomy. It is not necessary for us to obtain this information, because the calculation can be provided to the district court upon remand. This opinion is not intended to suggest what sentence would be within the discretion of the district judge, guided by the relevant statutes and guidelines. We only hold that it was inappropriate to base the sentence of imprisonment on the opportunity the defendant would have for rehabilitative drug treatment.

We vacate the sentence and remand so that the district court may determine the appropriate prison sentence in accordance with § 5G1.3, the statutes, and this opinion.

**VACATED AND REMANDED.**