[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 2, 2000
THOMAS K. KAHN
CLERK

_____

No. 99-14884
Non-Argument Calendar
_____

D. C. Docket No. 95-00100-CR-001

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY SHERON WIGGINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(August 2, 2000)**

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Anthony Sherone Williams appeals his twenty-four month sentence imposed upon the revocation of his supervised release. Upon review, we affirm.

## I. BACKGROUND

Wiggins pled guilty to three counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and was sentenced to forty-eight months' imprisonment and three years' supervised release. While Wiggins was serving the supervised release portion of this sentence, a United States probation officer filed a petition to revoke his supervised release contending that Wiggins violated several conditions of his supervised release.[1] A hearing was conducted on November 10, 1999 at which Wiggins admitted these violations.

At the conclusion of the revocation hearing, the district court stated that "the seriousness of your drug problem is reflected here in Court. And you need to be rehoused in the Bureau of Prisons to take the comprehensive residential substance program for a period of two years." As a result, the district court sentenced Wiggins to twenty-four months' imprisonment, the maximum term allowed under

---

[1]Specifically, the probation officer alleged that Wiggins (1) tested positive for cocaine, (2) failed to report for urinalysis, (3) associated with a person engaged in criminal activity, (4) failed to refrain from conduct or activities that would give reasonable cause to believe he had violated any criminal law, (5) failed to make restitution payments as ordered by the court, and (6) failed to report and file reports with his probation officer as directed.

18 U.S.C. § 3583, rather than the three to nine months recommended by chapter seven of the United States Sentencing Guidelines ("Guidelines"). Wiggins appeals this sentence.

## II. DISCUSSION

We review the district court's decision to exceed the sentencing range recommended in chapter seven of the Guidelines for abuse of discretion. See United States v. Hofierka, 83 F.3d 357, 361-62 (11th Cir. 1996). Wiggins argues on appeal that is was inappropriate for the district court to impose a two-year sentence solely for the purpose of ensuring that he would undergo comprehensive drug abuse rehabilitation treatment. Specifically, he asserts that such reliance upon a rehabilitative program for sentencing is contrary to this Court's decision in United States v, Harris, 990 F.2d 594 (11th Cir. 1993).

This court was faced with a similar question in United States v. Aguillard, __ F.3d __, No. 99-13358 (11th Cir. July 5, 2000). In Aguillard, we determined that we were not bound by our decision in Harris, because dealt with the imposition of an initial sentence rather than the revocation of supervised release. Further, we noted that all six of our sister circuits to address the issue concluded that it is not improper to take the availability of rehabilitative programs into account in deciding the length of sentence up to the maximum upon the revocation

3

of supervised release.  See United States v. Anderson, 15 F.3d 278 (2d Cir. 1994); United States v. McGhee, 85 F.3d 618 (4th Cir. 1996) (unpublished table decision); United States v. Giddings, 37 F.3d 1091 (5th Cir. 1994); United States v. Jackson, 70 F.3d 874 (6th Cir. 1995); United States v. Harlow, 124 F.3d 205 (7th Cir. 1997) (unpublished table decision); United States v. Shaw, 180 F.3d 920 (8th Cir. 1999).  Accordingly, we held in Aguillard that the district court's reliance upon the availability of a drug treatment program in determining the sentence for the revocation of supervised release was not plain error.

We recognize that Aguillard does not control our decision in this case because the Aguillard court was reviewing the district court's action for plain error, while we review Wiggins' sentence for an abuse of discretion.[2]  However, we find the reasoning in Aguillard compelling, and conclude that the same result is warranted under the abuse of discretion standard.  Accordingly, the district court did not abuse its discretion in considering the availability of drug treatment in imposing a sentence exceeding that recommended by chapter seven of the Guidelines.

### III.  CONCLUSION

---

[2]The appellant in Aguillard failed to object to the grounds for the district court's sentence in the district court, thus necessitating plain error review.  Wiggins did raise this objection in the district court in this case.

4

We conclude that the district court did not abuse its discretion in considering the availability of a residential drug treatment program in determining Wiggins' sentence upon revocation of his supervised release.

**AFFIRMED**.