[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 07 2001
THOMAS K. KAHN
CLERK

_____

No. 00-10543
Non-Argument Calendar

_____

D.C. Docket No. 98-00105-CR-002

UNITED STATES OF AMERICA,

Plaintiff-Appellee

versus

BONNIE ANN DUNHAM,
a.k.a., Bonnie Ann McDuffee,

Defendant-Appellant.

_____

No. 00-12421
Non-Argument Calendar

_____

D.C. Docket No. 00-00221-CV-BH-L

UNITED STATES OF AMERICA,

Respondent-Appellee,

versus

BONNIE ANN DUNHAM,
a.k.a., Bonnie Ann McDuffee,

Petitioner-Appellant.

_____

Appeals from the United States District Court for the
Southern District of Alabama
_____

**(February 7, 2001)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Bonnie Ann Dunham, a federal prisoner, appeals the district court's order

denying her 28 U.S.C. § 2255 motion and the district court's order revoking her

probation and sentencing her to 24 months of imprisonment.  These appeals have

been consolidated.

In her appeal of the district court's denial of her § 2255 motion, Dunham

claims that her 24-month sentence was illegal because it exceeded the maximum

sentence allowed by law.  She argues that, upon the revocation of her probation,

2

the district court was limited to sentencing her within the guideline range applicable at the time she initially was sentenced.

We must *sua sponte* address whether the district court had jurisdiction to consider and rule on Durham's § 2255 motion. *See Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 859 n. 3 (11th Cir. 1982).

We conclude that the district court lacked jurisdiction to consider and rule on Dunham's § 2255 motion during the pendency of her direct appeal of her sentence, and therefore her appeal of the district court's denial of that motion is dismissed without prejudice and the district court's order denying Dunham's § 2255 motion is vacated without prejudice to Dunham's right to file a § 2255 motion after the disposition of her direct appeal.

We now turn to the merits of Dunham's direct appeal of the district court's order revoking her probation and sentencing her to 24 months of imprisonment for the purpose of rehabilitative treatment.

Dunham argues that the court erred by lengthening her sentence for the sole purpose of rehabilitation. She argues that this Court's ruling in *United States v. Harris*, 990 F.2d 594, 596-97 (11th Cir. 1993), should extend to sentences for violations of probation. Dunham also argues that although this Court recently has held that courts may take rehabilitative needs into account when sentencing

supervised release violators, that holding should not control here because probation revocation is distinguishable from the revocation of supervised release because (1) a sentence for a probation violation more closely resembles an initial sentence than does a sentence imposed after a violation of supervised release, and (2) different statutes governs probation revocations and violations of supervised release, and the language in each is different. Finally, Dunham asserts that because district courts cannot order a prison to enroll a defendant in a drug program, allowing courts to impose a prison sentence for rehabilitative purposes serves only an illusory purpose.

We review the district court's decision to exceed the sentencing range in Chapter 7 of the Sentencing Guidelines for abuse of discretion. *See United States v. Brown*, 224 F.3d 1237, 1239 (11th Cir. 2000).

In imposing a sentence of 24 months, the district court exceeded the recommended guideline range in sentencing Dunham. Within the context of revocation of supervised release, we recently held that a district court did not abuse its discretion in considering the availability of drug treatment in imposing a sentence exceeding that recommended by Chapter 7 of the guidelines. *See Brown*, 224 F.3d at 1243. In *Brown*, we reaffirmed that a court cannot impose an initial incarcerative sentence for the purpose of providing the defendant with

4

rehabilitative treatment, but held that this preclusion does not apply when a court sentences a defendant to prison upon revocation of supervised release. *See id.* at 1240, 1242. We reasoned that "a court must consider a defendant's need for correctional treatment when determining whether to revoke supervised release . . . ." *Id.* at 1241. Contrary to Dunham's assertion that this holding should not control revocation of probation cases, *Brown* clearly extends to revocations of probation. In *Harris*, we held that it was inappropriate for a court to imprison a defendant for the purpose of rehabilitation. *See Harris*, 990 F.2d at 597. This prohibition, however, applies only to the imprisonment part of a sentence. "The 'imprisonment part of a sentence' does not include probation and supervised release." *Brown*, 224 F.3d at 1240. Although Dunham argues that the revocation of supervised release is distinguishable from the revocation of probation because the statutes governing each are different, both the supervised release statute at issue in *Brown*, § 3583, and the probation revocation statute at issue here, § 3565, direct a court to consider the same factors outlined in § 3553 when sentencing for a revocation of probation or of supervised release. *See* 18 U.S.C. §§ 3583, 3565, and 3553. We find no error in the court's revocation of probation and imposition of a 24-month incarcerative sentence.

The appeal of the district court's denial of Dunham's § 2255 motion is DISMISSED for lack of jurisdiction.

The appeal of the district court's revocation of Durham's probation and its imposition of 24-month prison sentence is AFFIRMED.