NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 6, 2010
Decided November 2, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 10-2478

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 04-cr-118-bbc-01 |
| DANIEL J. ABEITA, *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

**O R D E R**

Daniel Abeita pleaded guilty to distributing crack, 21 U.S.C. § 841(a)(1), and was sentenced in December 2004 to 57 months' imprisonment and 36 months' supervised release. In February 2008 his prison term was reduced to time served. See 18 U.S.C. § 3582(c)(2). In June 2010 the district court revoked Abeita's supervision and ordered him to serve another 24 months in prison, the statutory maximum, see *id.* § 3583(e)(3). On appeal Abeita argues that the term of reimprisonment is plainly unreasonable in light of the reasons given by the district court. We affirm the judgment.

Among the conditions of his release, Abeita was to spend 6 months in a halfway house and not use drugs or alcohol or engage in new criminal activity. After his release from the halfway house, Abeita's drinking got "out of control," and he agreed to a

modification that required him to return for another 6 months. A few months into his stay, though, while visiting his father on a "home pass," Abeita didn't respond to calls from the facility and was discharged from the program. Then he was arrested and later convicted of operating a vehicle while under the influence, see WIS. STAT. § 346.63. Abeita was accepted back into the halfway house, but the urine sample he submitted on arrival tested positive for marijuana. A few months later he was discharged again after failing to participate in mandatory programming. Abeita's probation officer petitioned to revoke his release in March 2010, but by the time the district court acted on that petition, Abeita had been arrested again for driving under the influence, see *id.* § 346.63, along with driving on a revoked license, see *id.* § 343.44(1)(b), and resisting a police officer, see *id.* § 946.41. Abeita's lawyer represents that those charges remain pending.

Abeita did not contest the revocation. The government asked for imprisonment to afford Abeita a period of sobriety, and his lawyer argued that the period of incarceration should be short or replaced altogether by confinement in a halfway house because Abeita's problems were alcohol-related and, according to counsel, he had no history of violence.

The district court found that Abeita had violated the conditions of his release by committing new crimes, using alcohol and marijuana, and failing to complete his second 6-month stint at the halfway house. These Grade C violations, see U.S.S.G. § 7B1.1(a)(3), coupled with Abeita's criminal history category of III, yielded a reimprisonment range of 5 to 11 months, see *id.* § 7B1.4(a). But the court concluded that a longer term was warranted because Abeita already had the chance to work with the probation office but was struggling with drinking. The court reasoned that a longer term of imprisonment and sobriety might help him figure out why he needed to stay away from alcohol. In sum, the court stated, a longer term would protect the public, hold Abeita accountable for his actions, and provide him the chance to participate in substance-abuse treatment.

On appeal Abeita contends that his term of reimprisonment is plainly unreasonable, see *United States v. Kizeart,* 505 F.3d 672, 673 (7th Cir. 2007), because, in his view, the district court "totally failed to give an adequate explanation" and justified the term only with "magic words" and boilerplate. But after evaluating the guidelines policy statements, see U.S.S.G. § 7B1.4, and the statutory factors in 18 U.S.C. § 3553(a), the court did explain at length why the statutory maximum was necessary: Abeita already had three failed stays at halfway houses, and a longer prison term would protect the public and provide him a chance for treatment.

Appellate counsel acknowledges that the district court focused on the need to protect the public, but counsel insists that this reason is groundless because, says counsel,

Abeita does not have a history of violence. Yet the probation officer noted that while on supervised release Abeita had been arrested twice (and convicted once) for drunk driving, which presents a significant danger to the community. See *United States v. Tristan-Madrigal,* 601 F.3d 629, 633-34 (6th Cir. 2010); *United States v. Jackson,* 549 F.3d 1115, 1118 (7th Cir. 2008); *United States v. Bear Robe,* 521 F.3d 909, 911 (8th Cir. 2008)*.*

Abeita also acknowledges that the judge reasoned that a longer period of reimprisonment would allow him to participate in treatment, but he argues that this was an improper consideration. He is wrong. A district court may consider a defendant's need to complete drug treatment as a factor when imposing a term of reimprisonment. *United States v. Doe,* No. 09-2615, 2010 WL 3211128, at *4 (3d Cir. Aug. 16, 2010); *United States v. Pitre,* 504 F.3d 657, 664-65 (7th Cir. 2007); *United States v. Brown*, 501 F.3d 722, 725-26 (6th Cir. 2007); *United States v. Tsosie,* 376 F.3d 1210, 1214 (10th Cir. 2004); *United States v. Dunham,* 240 F.3d 1328, 1330 (11th Cir. 2001); *United States v. Anderson*, 15 F.3d 278, 282 (2d Cir. 1994). Because Abeita cannot point to any reason to disturb his term of reimprisonment as plainly unreasonable (or just unreasonable), we AFFIRM the judgment.