[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10526
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00016-SCB-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHAN WINE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 14, 2011)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Nathan Wine appeals his thirty-six-month sentence following his guilty plea

to threatening the President-elect, in violation of 18 U.S.C. § 871(a).  Wine argues

on appeal that the district court violated the objection-elicitation requirement of *United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir. 1990), *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993) (*en banc*). He also argues that his sentence was substantively unreasonable.

I

Wine argues that the district court erred when it failed to give him the opportunity to object after it sentenced him. Therefore, he asserts that we should reverse and remand in order to give the parties an opportunity to raise and explain their objections.

In *Jones*, we held that "after imposing a sentence, the district court must give the parties an opportunity to object to the court's ultimate findings of fact, conclusions of law, and the manner in which the sentence is pronounced, and must elicit a full articulation of the grounds upon which any objection is based." *United States v. Campbell*, 473 F.3d 1345, 1347 (11th Cir. 2007). When the district court fails to comply with *Jones*, we generally vacate the sentence and remand to provide the parties an opportunity to present their objections, unless the record on appeal is sufficient to enable review. *Id.* While objections not raised before the district court are usually reviewed only for plain error, when we reach the merits of an issue despite a *Jones* error, rather than vacating and remanding, we review

2

that claim *de novo*. *See United States v. Johnson*, 451 F.3d 1239, 1242 (11th Cir. 2006) (reviewing an Eighth Amendment challenge *de novo* where a *Jones* error had occurred at sentencing).

Here, although the district court failed to elicit objections after sentencing Wine, the record is sufficiently developed to allow us to review Wine's arguments. Wine requested the district court impose a lesser sentence and presented evidence and argument in mitigation, raising his challenge to the substantive reasonableness of the sentence. Therefore, rather than vacating Wine's sentence and remanding, we will review his arguments for preserved error.

## II

Relying on *United States v. Harris*, 990 F.2d 594 (11th Cir. 1993), 18 U.S.C. § 3582(a), and 28 U.S.C. § 994(k), Wine argues that it was inappropriate for the district court to consider his rehabilitative needs when choosing his sentence.

In reviewing the reasonableness of a sentence imposed after conviction, we review *de novo* "whether a factor considered by the district court in sentencing a defendant is impermissible." *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (citation omitted). "A sentence that is based entirely upon an impermissible factor is unreasonable because such a sentence does not

3

achieve the purposes of § 3553(a)." *Id.* (quotation omitted). "[T]he party challenging the sentence bears the initial burden of establishing that the district court considered an impermissible factor at sentencing." *United States v. Williams*, 456 F.3d 1353, 1361 (11th Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L. Ed. 2d 481 (2007).

Although 18 U.S.C. § 3553(a) provides that a district court shall consider the need "to provide the defendant with needed . . . medical care, or other correctional treatment in the most effective manner," a district court "cannot impose an initial incarcerative sentence for the purpose of providing a defendant with rehabilitative treatment." *United States v. Brown*, 224 F.3d 1237, 1240 (11th Cir. 2000). District courts are required to consider the § 3553(a) factors only "to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a); *see also* 28 U.S.C. § 994(k) ("The Commission shall insure that the guidelines reflect the inappropriateness of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant or providing the defendant with needed . . . medical care, or other correctional treatment.").

Wine has not met his burden of establishing that the district court

considered an impermissible factor at sentencing. *See Williams*, 456 F.3d at 1361. The district court's consideration of Wine's need for mental health treatment was not impermissible because the district court did not impose or extend the term of his imprisonment for the purpose of rehabilitating him. *See Harris*, 990 F.2d at 595 (holding that it is impermissible for court to impose or extend a period of incarceration for the purpose of rehabilitating the defendant). The district court explained at length its reasons for imposing the thirty-six-month, guidelines-range, sentence of incarceration. At his sentencing hearing, Wine had a number of witnesses that testified about his mental illness. The district court appropriately took this into account in ordering mental health and substance abuse treatment during Wine's period of incarceration and as conditions of his thirty-six-month supervised release. *See Harris*, 990 F.2d at 596 (the prohibition on imposing or extending incarceration time for the purpose of rehabilitating a defendant relates only to the imprisonment part of a sentence, not to other terms of a sentence; indeed, "the precise factors that are not to be considered in imposing imprisonment are set forth by statute as factors to be considered in imposing sentence."). In determining that a thirty-six-month sentence of incarceration was appropriate, the district court cited a concern for the community and public safety, rather than an impermissible goal of increasing the duration of incarceration for

the purposes of rehabilitating Wine.

III

Finally, Wine argues that his sentence was greater than necessary to achieve the purposes of sentencing. Specifically, he notes that although he timely pleaded guilty, he did not receive a three-level reduction for acceptance of responsibility because he wrote threatening letters while he was waiting to be sentenced. However, his expert witness testified that those letters were the result of his failure to receive sufficient levels of medication. If he had received the three-level reduction, his guideline range would have been twenty-one to twenty-seven months. He argues that there is no clear indication in the record (1) that the district court considered applying a three-level reduction or (2) whether a sentence in the range of twenty-one to twenty-seven months would have been sufficient.

We review the final sentence imposed by the district court for reasonableness. *United States v. Williams*, 526 F.3d 1312, 1321 (11th Cir. 2008). The Supreme Court has clarified that the reasonableness standard means review for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). We ordinarily expect a sentence within the advisory guideline range to be a reasonable one. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The party challenging the sentence bears the burden of

6

establishing that it is unreasonable. *Williams*, 526 F.3d at 1322.

Once we conclude that the district court made no procedural errors, we consider "the substantive reasonableness of the sentence," under the totality of the circumstances. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. The sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553(a)(2). "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall*, 552 U.S. at 49–50, 128 S.Ct. at 596 (footnote omitted).

Although we will look to see whether the district court considered the § 3553(a) factors, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *Williams*, 526 F.3d at 1322 (quotation omitted). Moreover, there is no requirement that the district court explicitly discuss its consideration of each of the § 3553(a) factors on the record, as long as the sentencing judge "set[s] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). An

acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors may be sufficient to meet this requirement in a straightforward case. *See United States v. Scott*, 426 F.3d 1324, 1329–30 (11th Cir. 2005).

Despite Wine's guilty plea, he was not entitled to a reduction for acceptance of responsibility because he continued to engage in criminal conduct following the plea. *See United States v. Scroggins*, 880 F.2d 1204, 1215–16 (11th Cir. 1989) (holding that a district court may consider subsequent criminal conduct in deciding whether a decrease pursuant to U.S.S.G. § 3E1.1 was appropriate); *see also* U.S.S.G. § 3E1.1, cmt. n.1(b) (noting that the district court may consider the defendant's "voluntary termination or withdrawal from criminal conduct or associations"). Wine had a full opportunity to object to the Presentence Investigation Report ("PSI"), and he forfeited that objection before sentence was imposed. Further, Wine has not identified anything in the record that undermines our ordinary expectation of reasonableness for a within-guideline-range sentence. *See Talley*, 431 F.3d at 788. Therefore, we affirm Wine's thirty-six-month sentence.

**AFFIRMED.**[1]

---

[1]Appellant's request for oral argument is denied.