[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14095
Non-Argument Calendar
_____

D.C. Docket Nos. 0:12-cv-61094-WPD,
0:11-cr-60090-WPD-1

TORY ANTHONY BLAIR,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 22, 2013)

Before CARNES, Chief Judge, TJOFLAT and BARKETT, Circuit Judges.

PER CURIAM:

Tory Blair appeals from a final order of the district court denying his motion for post-conviction relief filed pursuant to 28 U.S.C. § 2255.  Blair argues that, because his direct appeal was pending at the time he filed his § 2255 motion to vacate, the district court did not have jurisdiction to consider it.  The government agrees.

Blair pled guilty to drug charges on July 8, 2011, and was sentenced on October 25, 2011, to 78 months' imprisonment followed by two years' supervised release.  Blair's trial counsel did not file a notice of appeal.  On November 4, 2011, Blair mailed a letter addressed to the district court titled "Appeal," but he mistakenly mailed it to the United States Attorney's Office.  He also mailed a *pro se* notice of appeal that was docketed on January 27, 2012.  As part of that notice of appeal, Blair included a claim of ineffective assistance of counsel for failure to timely file a notice of appeal, a request for a reduced sentence based on a substantial assistance claim, and a claim of improper sentencing. The government argued that once the notice of appeal was filed, the district court lost jurisdiction to address those claims.  The district court dismissed Blair's request for relief without prejudice.  On May 22, 2012, the government moved to dismiss Blair's appeal as untimely filed.

Meanwhile, on May 21, 2012, Blair filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, alleging constitutional error on the part

2

of the district court and ineffective assistance of counsel on several grounds, including failure to timely file a notice of appeal.  Blair mistakenly stated in his motion that his appeal had been dismissed on January 27, 2012.  In its response to Blair's § 2255 motion, the government stated that it intended to withdraw its motion to dismiss Blair's direct appeal, and it recommended that the district court dismiss the § 2255 motion without prejudice because of the pending direct appeal.  Despite the fact that Blair's direct appeal was pending, the district court on June 26, 2012, denied Blair's § 2255 motion.

We review questions concerning jurisdiction *de novo.  Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).

In the absence of extraordinary circumstances, a district court does not have jurisdiction to consider or rule on a § 2255 motion during the pendency of a direct appeal of the underlying criminal conviction or sentence.  *United States v. Dunham*, 240 F.3d 1328, 1329 (11th Cir. 2001); *see also United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990) (noting district court's finding that no extraordinary circumstances warranted consideration of § 2255 motion during direct appeal).  The appropriate course of action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 action without prejudice.  *See Dunham*, 240 F.3d  at 1330 (vacating order denying § 2255

3

motion without prejudice to filing a § 2255 motion after disposition of direct appeal).

Because Blair was pursuing a direct appeal from his criminal conviction in this Court at the time he filed his § 2255 motion, and because there were no extraordinary circumstances requiring immediate consideration of that motion, the district court lacked jurisdiction to consider it. Accordingly, the judgment of the district court is vacated, and the case remanded with instructions to dismiss Blair's § 2255 motion without prejudice.

**VACATED AND REMANDED.**