# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-2287

_____

United States of America

*Plaintiff - Appellee*

v.

Victor Bernard Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 14, 2016
Filed: June 16, 2016

_____

Before RILEY, Chief Judge, WOLLMAN and MURPHY, Circuit Judges.

_____

RILEY, Chief Judge.

Victor Jones appeals the district court's[1] denial of a sentence reduction under 18 U.S.C. § 3582(c)(2). We affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

## I.    BACKGROUND

In 2010, Jones pled guilty to distributing heroin within 1,000 feet of an elementary school after a prior felony drug conviction, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 851, and 860.  In exchange for Jones's guilty plea, the government dismissed two additional drug charges and agreed not to seek a mandatory life sentence.  The plea agreement, which expressly did not bind the district court, see Fed. R. Crim. P. 11(c)(1)(C), provided that if Jones was not found to be a career offender, Jones and the government agreed "an upward departure [under United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 4A1.3] to an offense level of 31 and a Criminal History Category VI, with a sentencing range of 188 to 235 months[,] [wa]s appropriate" to account for Jones's "substantial under-represent[ed] . . . criminal history."

The district court accepted Jones's plea, found he was not a career offender, granted the government's unopposed motion for an upward departure, and sentenced Jones to 235 months imprisonment followed by six years of supervised release.  Jones appealed his sentence and we affirmed.  See United States v. Jones, 639 F.3d 484, 488 (8th Cir. 2011).

Effective November 1, 2014, the United States Sentencing Commission reduced by two levels the base offense levels in the drug quantity table at U.S.S.G. § 2D1.1(c), which was used to calculate Jones's advisory Guidelines range.  See U.S.S.G. supp. to app. C, amend. 782.  Amendment 782 empowered the district court to reduce Jones's prison term pursuant to 18 U.S.C. § 3582(c).  See U.S.S.G. § 1B1.10(a), (d).

On March 5, 2015, the district court, on its own motion, had the United States Probation Office prepare a memorandum regarding Jones's "eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2)."  The government conceded Jones was eligible for a sentence reduction under Amendment 782, but argued a reduction was

unwarranted because of the nature of Jones's offense and his "lengthy and violent criminal history."

After holding a sentence-reduction hearing, the district court concluded Amendment 782 did not justify a reduction in Jones's sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. The district court explained "the reduction in the offense level for drug quantity . . . [did]n't really apply here because the sentence [wa]s not driven by the total offense level based on drug quantity, but, rather, by a variety of other issues, including criminal history, [and] the seriousness of the underlying criminal conduct."

## II.    DISCUSSION

Jones appeals the denial of a sentence reduction, arguing "[t]he district court erred in finding that Mr. Jones' plea agreement was a binding Rule 11(c)(1)(C) plea agreement that preclude[d] a sentencing reduction." As Jones sees it, "although the District Court may not have used the phrase 'binding Rule 11(c)(1)(C) plea agreement,' that was clearly the underlying assumption of the District Court's analysis." Jones alternatively argues that if the district court did recognize the plea agreement was not binding, its decision to deny a reduction was an abuse of discretion.

Upon careful review, we find no basis to reverse. See United States v. Long, 757 F.3d 762, 763 (8th Cir. 2014) (noting we review de novo the legal conclusion that a defendant is eligible for an 18 U.S.C. § 3582(c)(2) reduction and review for abuse of discretion the decision to grant or deny a reduction). As the government points out, the district court opened the sentence-reduction hearing by explaining it set the hearing and appointed counsel for Jones "after making a preliminary finding that the defendant [wa]s eligible for a reduction"—a point the government conceded. The district court then clarified "[t]he issue before the Court . . . [wa]s whether the Court should exercise its discretion to reduce [Jones's] sentence in whole or in part

-3-

after considering the applicable factors under 18 United States Code Section 3553(a)."

In making that determination, the district court explained it "reviewed the court file in its entirety" and would consider all it knew about Jones and his case in analyzing the 18 U.S.C. § 3553(a) factors. The district court then recalculated the advisory Guidelines range that would apply—absent the upward departure to which the parties had agreed—after a two-level reduction in Jones's base offense level under Amendment 782. After hearing from the parties, the district court decided it was "not going to make any adjustment in Mr. Jones's sentence," finding "the appropriate sentence [wa]s still 235 months."

In a post-hearing written order, the district court further explained,

> After thoroughly reviewing the defendant's file, the provisions and commentary of USSG §1B1.10, the factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment and the defendant's post-sentencing conduct, the court declined to exercise its discretion under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10.

On this record, we are satisfied the district court understood the plea agreement was not binding and Jones was eligible for a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). And we conclude the district court did not abuse its discretion in deciding the particular circumstances of Jones's case did not warrant a reduction.

## III. CONCLUSION

The judgment is affirmed.

_____

-4-