# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1342
_____

United States of America,

*Plaintiff - Appellee,*

v.

Danny Joe Lewis,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: January 11, 2016
Filed: July 1, 2016
_____

Before WOLLMAN, MELLOY, and COLLOTON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Danny Lewis appeals from the district court's[1] denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Lewis asserts a procedural error in

_____

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

the court's resolution of the motion, but we conclude that any error was harmless. We therefore affirm.

In 2012, Lewis pleaded guilty to possession of a controlled substance with intent to distribute.  *See* 21 U.S.C. § 841(a)(1).  At sentencing, the district court calculated an advisory guideline range of 33 to 41 months' imprisonment.  The range was derived from a base offense level of 16, a three-level reduction for acceptance of responsibility, and a resulting total offense level of 13, along with a criminal history category of VI.

The court recounted Lewis's extensive criminal history and expressed a preliminary intent to sentence Lewis to 20 years in prison.  Lewis responded that many of his prior convictions were decades old and that he struggled with alcohol and substance abuse.  The court acknowledged Lewis's arguments, reiterated that he believed Lewis's criminal history warranted a 20-year prison sentence, but sentenced Lewis to only 10 years' imprisonment.  To support this upward variance from the advisory range of 33 to 41 months, the court discussed several of the sentencing factors in 18 U.S.C. § 3553(a), including Lewis's criminal history, the seriousness of the offense, the need to afford adequate deterrence, and the need to protect the public from further crimes committed by Lewis.

In 2014, the United States Sentencing Commission approved Amendment 782, which retroactively reduced most base offense levels in the drug quantity tables by two levels.  Lewis then moved under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence.  The motion asserted that his new total offense level under the amendment was 11, rather than the original 13, and that his criminal history category remained VI.

The district court issued a one-paragraph order denying Lewis's motion.  The order acknowledged that "Sentencing Guideline Amendment 782 retroactively

reduces most drug quantity base offense levels by two points [*sic*]." The court explained, however, that "[a]lthough U.S.S.G. § 1B1.10 permits a sentence reduction, it does not require it, especially in cases like this, in which a defendant's sentence is the result of an upward variance." The court concluded that "[f]or the reasons given at the June 1, 2012, sentencing hearing, a 120-month sentence is appropriate, and Lewis's sentence will not be reduced."

Lewis argues that the district court committed procedural error by failing to calculate an amended guideline range before denying his request for a sentence reduction. The guidelines do provide that a court considering a motion under § 3582(c)(2) "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010). In this case, Lewis's amended range would have been 30 to 37 months' imprisonment, derived from an offense level of 12 (not level 11 as Lewis asserted) and a criminal history category of VI. Under the amendment, Lewis's revised base offense level would be 14, but he would receive only a two-level downward adjustment for acceptance of responsibility, because a three-level adjustment is available only from an offense level of 16 or higher. USSG § 3E1.1(b).

The district court did not calculate the amended guideline range in accordance with USSG § 1B1.10(b)(1), but we conclude that any procedural error was harmless. *See United States v. Freeman*, 718 F.3d 1002, 1005 (8th Cir. 2013); *see also United States v. Clayton*, 811 F.3d 918, 921 (7th Cir. 2016) (per curiam). Once the court determines an amended range, the court must consider the factors in 18 U.S.C. § 3553(a) to "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see* 18 U.S.C. § 3582(c)(2). Here, Lewis argued that the amendment changed his offense level from

13 to 11, but the court determined that a sentence of 120 months' imprisonment remained appropriate. A correct calculation would have revealed only a one-level reduction from 13 to 12, and a four-month reduction in the top of the advisory sentencing range. Given the court's recognition that Amendment 782 reduced most base offense levels by two, and the court's reference to its reasoning from the original sentencing as the justification for a term of 120 months, we have "no doubt the district court would have imposed the same sentence, and for the same reasons, regardless of any procedural error." *United States v. Ortiz*, 636 F.3d 389, 395 (8th Cir. 2011); *see also United States v. Henson*, 550 F.3d 739, 741-42 (8th Cir. 2008).

Lewis complains that the district court's explanation for denying his motion is inadequate to allow meaningful appellate review. *Cf. United States v. Grant*, 703 F.3d 427, 430 (8th Cir. 2013); *United States v. Burrell*, 622 F.3d 961, 964 (8th Cir. 2010). The court here explained that Lewis had received an upward variance from the advisory range at his initial sentencing and incorporated by reference the reasoning stated at the initial sentencing. In 2012, the court discussed Lewis's extensive criminal history, which began in 1985 and included convictions for robbery, driving while intoxicated, violation of a protection order, domestic battery, third degree assault of a family member, contempt of court, possession of a firearm by certain persons, terroristic threatening, and several drug offenses. The court also cited several pending state charges, including multiple drug offenses, possession of a firearm by certain persons, and first-degree murder. In light of Lewis's criminal history, the court in 2012 varied upward significantly from the advisory guideline range to a term of 120 months. It was not an abuse of discretion for the court to adhere to its decision that a term of 120 months was appropriate, even with a modestly reduced advisory guideline range. No greater explanation was required. *See United States v. Clark*, 563 F.3d 722, 725 (8th Cir. 2009).

The order of the district court is affirmed.

_____