# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3102

_____

United States of America

*Plaintiff - Appellee*

v.

Buck Zane Roubideaux

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: May 31, 2016
Filed: August 5, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, COLLOTON and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Buck Zane Roubideaux appeals the district court's[1] denial of a reduction in sentence under 18 U.S.C. § 3582(c).  We affirm.

---

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

In 2006, Roubideaux was charged with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846, and with obstructing justice by retaliating against an informant in violation of 18 U.S.C. § 1513(b)(2). He pled guilty to each count. The court found that Roubideaux was responsible for 1.5 to 5 kilograms of methamphetamine, resulting in a base offense level of 34. Roubideaux received a two-level enhancement for obstruction of justice pursuant to United States Sentencing Guideline ("U.S.S.G.") § 3C1.1, and a three-level downward adjustment of acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, giving Roubideaux a total offense level of 33. After determining that two prior convictions included in the Presentence Report ("PSR") were part of the instant offense, the court calculated a criminal history category of III rather than category V as recommended in the PSR. Together, this resulted in a U.S.S.G. range of 168 to 210 months imprisonment. The court sentenced Roubideaux to 168 months imprisonment on the drug conspiracy count and 120 months imprisonment on the retaliation count, to run concurrently.

After Roubideaux was sentenced, Amendment 782 to the guidelines retroactively reduced the applicable drug quantity base offense level by two. Roubideaux moved under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence. Roubideaux asserted that the two-level reduction would lower his total offense level to 31, resulting in a guideline range of 135 to 168 months. Accordingly, he requested that his sentence be reduced to 135 months imprisonment. The government responded, not asserting that Roubideaux was ineligible, but that a reduction was not warranted. The district court denied Roubideaux's motion, stating, "[i]n the broad exercise of discretion, and after giving careful consideration to all of the sentencing factors outlined in 18 U.S.C. § 3553(a), the Court finds that a further sentence reduction is neither warranted nor appropriate in this case." The court noted that the basis of its decision was Roubideaux's lengthy history of criminal activity, involvement with a large drug conspiracy, and continued inability to comply with institutional rules while incarcerated.

Roubideaux argues that the district court committed procedural error by failing to calculate the amended guideline range before denying his request for a reduction in sentence.[2] The guidelines provide that, in considering a motion under § 3582(c)(2), the court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1); see also Dillon v. United States, 560 U.S. 817, 827 (2010). The district court then considers any applicable § 3553(a) factors in determining whether a reduction is appropriate. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 cmt. 1(B)(i). In this case, Roubideaux calculated that with his offense level reduced to 31, his amended range would be 135 to 168 months.

Although the district court acknowledged Roubideaux's proposed guideline range, it did not appear to calculate and accept this range in accordance with U.S.S.G. § 1B1.10(b)(1). But after the court determines the amended range, it still must consider the § 3553(a) factors to "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827; see 18 U.S.C. § 3582(c)(2). Thus, we conclude that any procedural error was harmless.

---

[2]Roubideaux also raises several other concerns regarding the district court's order. He contends that the district court's misstatement of his original sentence in the order and its characterization of his original placement in criminal history category III as a "significant reduction" also warrant remand. However, the district court's description of Roubideaux's existing sentence as 135 months in the order denying the reduction is a simple misstatement, as demonstrated by the fact that the district court also stated that Roubideaux requested a sentence of 135 months in his motion for a reduction in sentence. Additionally, the district court was free to recognize that the PSR initially placed Roubideaux in category V, and the order makes clear that the district court did not find Roubideaux ineligible for a reduction because of his placement in category III instead of V. To the extent that either of these actions qualify as error, we find them harmless.

See <u>United States v. Lewis</u>, No. 15-1342, 2016 WL 3568112 at *2 (8th Cir. July 1, 2016); <u>United States v. Freeman</u>, 718 F.3d 1002, 1005 (8th Cir. 2013). Because the district court recognized the impact of Amendment 782 as argued by the parties and then identified § 3553(a) factors as the reason for its decision to not reduce Roubideaux's sentence—including his involvement with a large drug conspiracy, lengthy history of criminal activity, and numerous violations while incarcerated—we have no doubt that the district court would have reached the same decision, regardless of any procedural error. <u>See</u> <u>Lewis</u>, 2016 WL 3568112 at *2 (citing <u>United States v. Ortiz</u>, 636 F.3d 389, 395 (8th Cir. 2011)); <u>see also</u> <u>United States v. Burrell</u>, 622 F.3d 961, 964 (8th Cir. 2010) (stating that we review a district court's decision not to reduce a sentence under § 3582(c)(2) for an abuse of discretion); U.S.S.G. § 1B1.10 cmt. 1(B)(iii) (stating that "[t]he court may consider post-sentencing conduct of the defendant"). We affirm.

_____