# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3012

_____

United States of America

*Plaintiff - Appellee*

v.

Javier Reyes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: May 31, 2016
Filed: September 1, 2016
[Unpublished]

_____

Before SMITH, BEAM, and KELLY, Circuit Judges.

_____

PER CURIAM.

After Javier Reyes pleaded guilty to drug and firearms charges, the district court consulted the advisory sentencing guidelines and found that they recommended a prison term of 188 to 235 months. It sentenced him near the middle of that range to 204 months' imprisonment followed by five years of supervised release.

About nine years later, the United States Sentencing Commission promulgated Amendment 782, retroactively amending the guidelines to reduce sentences for a number of drug crimes. See USSG supp. app. C, amend. 782 (2014). In response, Reyes filed a motion in district court under 18 U.S.C. § 3582(c)(2), seeking the benefit of the amendment. He pointed out that under the amendment, his guidelines range would only have been 151 to 188 months, and requested a reduced sentence of 175 months. The government opposed the reduction on case-specific grounds without either endorsing or disputing Reyes's calculation of his amended range. The district court denied his motion based on public safety considerations, finding that Reyes's conduct, both before and after sentencing, "demonstrate[d] ongoing violent conduct and an inability to remain law-abiding." Reyes claims the district court erred both procedurally, by not definitively stating that he was eligible for a sentence reduction and calculating his amended guidelines range, and substantively, by denying him the reduction he sought.

Reyes is right that a district court considering a reduction under § 3582(c)(2) is required to follow a two-step approach by "first, determining whether a defendant is eligible for a sentence modification and the extent of the reduction authorized under § 3582, and second, considering any applicable [statutory factors listed in 18 U.S.C. § 3553(a)] and determining whether the reduction authorized in step one 'is warranted in whole or in part under the particular circumstances of the case.'" United States v. Winston, 611 F.3d 919, 922 (8th Cir. 2010) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). It is perhaps open to question whether the district court's statement that Reyes "may be eligible for a sentence reduction" satisfied its duty to determine whether Reyes *was* eligible for such a reduction, but it is apparent that the district court never determined how Amendment 782 would have affected Reyes's guidelines range, as required. See USSG § 1B1.10(b)(1) (providing that a court considering a § 3582(c)(2) motion "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced"); United States v. Lewis, — F.3d.

—, 2016 WL 3568112, at *1 (8th Cir. Jul. 1, 2016). Even assuming a district court can be said to have implicitly satisfied step one whenever the parties agree on the amended guidelines range, this isn't such a case: the government never affirmatively took a position before the district court on what the amended range was.

Our decision in United States v. Wyatt, 115 F.3d 606 (8th Cir. 1997), is instructive. Although it was decided under a previous version of USSG § 1B1.10(b), which required the district court to determine the *term* of imprisonment it would have imposed at the initial sentencing had the guidelines amendments been in effect, see United States v. Curry, 584 F.3d 1102, 1104 (8th Cir. 2009), Wyatt stands for the proposition that the district court cannot skip over mandatory procedural requirements when deciding a § 3582(c)(2) motion, even where the final outcome might have been unchanged. See Wyatt, 115 F.3d at 609; cf. Gall v. United States, 552 U.S. 38, 51 (2007) (holding that "failing to calculate . . . the Guidelines range" during sentencing is "significant procedural error" despite the fact that the range is not binding).

Like all procedural errors in sentencing, a failure to calculate the amended guidelines range does not require reversal if it was harmless. See Lewis, — F.3d. at —, 2016 WL 3568112, at *2. But it is the government's burden to show that an error was harmless by demonstrating that it did not "substantially influence the outcome of the sentencing proceeding," United States v. Henson, 550 F.3d 739, 741 (8th Cir. 2008), and the government gives little reason to suggest that this was such an error – indeed, the words "harmless error" appear nowhere in its brief. See United States v. Perry, 640 F.3d 805, 813 n.5 (8th Cir. 2011) (holding that the government's failure to argue harmless error waives the issue). Even absent waiver, the evidence does not support harmless error. Without any indication either way as to what the district court would have done if it had followed the right procedural steps, we must presume that the error was not harmless. See United States v. Williams, 627 F.3d 324, 329 (8th Cir. 2010) (holding that "the procedural error was not harmless because . . . there is no clear indication on the record that the district court would have imposed the same

sentence [absent the error]" (quotation omitted)); United States v. Viezcas-Soto, 562 F.3d 903, 908 (8th Cir. 2009); United States v. Spikes, 543 F.3d 1021, 1026 (8th Cir. 2008).

This case differs markedly from our decision in Lewis finding harmless a failure to determine the amended guidelines range: there, because the original sentence was nearly three times higher than the top of the guidelines range and Amendment 782 resulted only in a four-month decrease in the top of the range, it was plausible to suppose that the amendment would not have affected the defendant's (drastically) above-guidelines sentence. See — F.3d at —, 2016 WL 3568112, at *2. Moreover, the sentencing court in that case, in denying the reduction, referred back to its reasons for originally imposing a non-guidelines sentence, leaving "no doubt the district court would have imposed the same sentence, and for the same reasons, regardless of any procedural error." Id. (quoting United States v. Ortiz, 636 F.3d 389, 395 (8th Cir. 2011)). Here, by contrast, Reyes's sentence was within the original guidelines range but not within the amended range, giving rise to the possibility that acknowledging the effect of Amendment 782 would have resulted in Reyes getting a reduced sentence. Cf. Molina-Martinez v. United States, 136 S. Ct. 1338, 1347–48 (2016) (holding that where the district court sentenced defendant to the bottom of what it thought to be the guidelines range there was a reasonable probability that it would have imposed a different sentence if it had known the guidelines range was actually lower).

We recognize that the district court may well have been aware of the amended guidelines range, and simply felt it unnecessary to state what it believed to be the obvious. And we acknowledge that a remand to reconsider a sentencing issue is "not costless," though it "does not invoke the same difficulties as a remand for retrial does." Id. at 1348–49 (quoting United States v. Wernick, 691 F.3d 108, 117–18 (2d Cir. 2012)). But in this case we must reverse the denial of Reyes's motion and

remand. To do otherwise would be to read out of the sentencing guidelines the requirement that the district court calculate the defendant's amended guidelines range.

Reversed and remanded.

_____