# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1434
_____

United States of America

*Plaintiff - Appellee*

v.

Gerome K. King

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 10, 2020
Filed: July 6, 2020
[Unpublished]

_____

Before SMITH, Chief Judge, COLLOTON and STRAS, Circuit Judges.

_____

PER CURIAM.

Gerome K. King appeals the district court's[1] denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). King asserts that the district court erroneously concluded that he was ineligible for a sentence reduction and argues that the district court's explanation for denying his motion is inadequate to allow for meaningful appellate review. We affirm.

## I. *Background*

In 2011, King pleaded guilty to one count of conspiracy to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. At sentencing, the original sentencing court calculated a total offense level of 27 and a criminal history category of VI. This resulted in an advisory Guidelines range of 130 to 162 months' imprisonment. The government requested a sentence above the Guidelines range. The sentencing court imposed an upward variance and sentenced King to 178 months' imprisonment based on the 18 U.S.C. § 3553(a) factors. In particular, it focused on King's extensive criminal history and the type and number of firearms seized at King's residence.

"In 2014, the United States Sentencing Commission [("Commission")] approved Amendment 782, which retroactively reduced most base offense levels in the drug quantity tables by two levels." *United States v. Lewis*, 827 F.3d 787, 789 (8th Cir. 2016). King then moved under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence. The district court denied the motion, explaining:

> The defendant is subject to a statutorily minimum required sentence of 120 months. Under the amended guideline provisions, the defendant's total offense level would be 25, with a Criminal History Category of VI, thereby generating an advisory custodial guideline range of 120–137 months. However, at the time of sentencing, the Court found that an

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

upward variance was warranted pursuant to 18 U.S.C. 3553(a)(1)–(2), and imposed a custodial sentence of 178 months. Therefore, while the amended guideline range stated above would be in effect, no reduction is recommended based on the aforementioned upward variance.

Order Den. Mot. to Reduce Sent., *United States v. King*, No. 4:10-cr-00099-DGK-1 (W.D. Mo. Aug. 25, 2017), ECF No. 144.

King moved for reconsideration, arguing that the district court did not adequately consider the Guidelines. The government responded by pointing out the original sentencing court's reasoning for the upward variance: the serious nature of the offense, King's extensive criminal history, the number of firearms, and the danger to the public. The district court denied King's motion for reconsideration, stating that it had properly "calculated King's amended guidelines range and sentenced him consistent with and according to the requirement of the statute." Order Den. Mot. for Recons., *United States v. King*, No. 4:10-cr-00099-DGK-1 (W.D. Mo. Feb. 19, 2019), ECF No. 168. Further, the district court stated that it reviewed "the premises of the motion, the record, and the applicable law" and determined that its decision was "consistent with the [g]overnment's response." *Id.* King appeals.

## II. *Discussion*

In deciding whether to reduce a sentence under 18 U.S.C. § 3582(c)(2), the district court follows a two-step approach. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon v. United States*, 560 U.S. 817, 827 (2010). Specifically, the district court must first "determine the amended guideline range that would have been applicable" if Amendment 782 had been in effect at the time of the original sentencing. U.S.S.G § 1B1.10(b)(1). We review de novo King's eligibility for a

§ 3582(c)(2) sentence reduction. *United States v. Koons*, 850 F.3d 973, 976 (8th Cir. 2017).

King argues that the district court erred at step one by concluding that the original sentencing court's upward variance made him ineligible for a sentence reduction. However, in its original denial, the district court correctly identified the amended Guidelines range but explained that it would not reduce the sentence considering the sentencing court's decision to impose an upward variance. In *United States v. Jones*, we explained that the record reflected that the district court knew the defendant was eligible for a sentence reduction based on its recalculation of the new Guidelines range, its preliminary finding during a hearing that the defendant was eligible for a reduction, and its reliance on the § 3553(a) factors in denying the motion for a reduction. 825 F.3d 929, 931 (8th Cir. 2016). Here, the district court's calculation of the amended Guidelines range, its reference to the § 3553(a) factors, and its adoption of the government's reasoning, which acknowledged King's eligibility, show that the district court understood it had the discretion to reduce King's sentence. These facts show the district court did not err at step one.

At step two of the district court's § 3582(c)(2) determination, the district court, in its discretion, decides whether to reduce the original sentence. *Dillon*, 560 U.S. at 827. "We review a district court's decision under § 3582(c)(2) to reduce a sentence and the extent of any reduction for an abuse of discretion." *United States v. Burrell*, 622 F.3d 961, 964 (8th Cir. 2010).

> In considering whether to grant a discretionary § 3582(c)(2) sentence reduction to an eligible defendant, a district court (i) shall consider the § 3553(a) sentencing factors, (ii) shall consider the danger to any person or the community that may be posed by a sentence reduction, and (iii) may consider "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment."

*United States v. Boyd*, 819 F.3d 1054, 1056 (8th Cir. 2016) (per curiam) (quoting U.S.S.G. § 1B1.10 cmt. n.1(B)(iii)).

King argues that the district court's explanation for denying his motion is inadequate to allow for meaningful judicial review. "We have held that a district court need not give lengthy explanations of the § 3553(a) factors or categorically rehearse the relevant factors in a § 3582 proceeding, but this does not permit a district court to give no explanation for its decision." *Burrell*, 622 F.3d at 964 (cleaned up). "Some statement of the district court's reasoning is necessary for this court to be able to meaningfully review the district court's decision," such as identifying relevant factors it considered in deciding not to reduce the sentence or indicating "that the district court adopted the reasoning in the [g]overnment's response to [King's] § 3582 motion." *Id.*

Here, the district court expressed that its reasoning was consistent with the government's response to King's motion. Further, the district court relied on the original sentencing court's decision to impose an upward variance as further reasoning for denying the motion. In *Lewis*, the defendant argued that the district court's explanation was inadequate to allow for meaningful appellate review because it simply denied the sentence reduction due to the district court's upward variance in the original sentence. 827 F.3d at 790. However, we rejected this argument, explaining that the district court referenced the upward variance and incorporated the reasoning from the original sentence. *Id.*

Similarly, the district court's reference to King's original sentencing court's upward variance and consideration of the § 3553(a) factors incorporated the same reasoning into the denial of King's motion for a reduction of his sentence. Specifically, King had an extensive criminal history, committed a dangerous offense with firearms, and was a danger to the public. "It was not an abuse of discretion for the court to adhere to [the] decision that [the original upward variance] was

-5-

appropriate, even with a modestly reduced advisory guideline range. No greater explanation was required." *Id.*

To be sure, given that the district court was not the original sentencing court, the short order does not provide an exhaustive explanation of the district court's reasoning. But, given the district court's reliance on the sentencing court's reasoning for the original upward variance and the district court's adoption of the government's reasoning for denying the sentence reduction, the district court "set forth enough to satisfy the appellate court that [it] had considered the parties' arguments and had a reasoned basis for exercising [its] own legal decisionmaking authority." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966 (2018) (cleaned up).[2]

### III. *Conclusion*
Accordingly, we affirm the judgment of the district court.

_____

_____

[2]In addition, the district court did not err in failing to address King's post-sentencing rehabilitative efforts. "Although a district court *may* consider evidence of a defendant's rehabilitation since his prior sentencing, it is not required to adjust a sentence." *United States v. Tollefson*, 853 F.3d 481, 486 (8th Cir. 2017) (internal quotation omitted).