FILED
**United States Court of Appeals
Tenth Circuit**

**May 5, 2025**

**Christopher M. Wolpert
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANDREW PETER ROSE, JR.,

    Defendant - Appellant.

No. 24-7079
(D.C. No. 6:21-CR-00294-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.

_____

Andrew Peter Rose, Jr., pled guilty to child abuse and was sentenced to 84 months in prison and five years of supervised release.  Mr. Rose appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence under Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines").  Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

### A.  *Factual History*

While Mr. Rose and co-defendant Ashley Brown dated, Mr. Rose babysat Ms. Brown's three young children.  On August 2, 2021, Ms. Brown's five-year-old son began throwing up and struggled to keep down food or water.  Mr. Rose and Ms. Brown argued about what to do, and Mr. Rose convinced her to wait to bring her son to the hospital.

The next morning, Ms. Brown took her son to an Oklahoma hospital because he was still throwing up, he was lethargic, and his legs were cool to the touch.  The hospital staff found him to be in critical condition and life-flighted him to a Texas hospital.

The medical staff in Texas said he had (1) severe dehydration; (2) 17 fractured ribs in various stages of healing, indicating some were injured two or three weeks before; (3) a severe abdominal injury causing tears in his bowel, making it painful to eat or move; (4) a pancreas injury; and (5) multiple bruises on his face, eye, arms, legs, and lower back.  The bruising was consistent with physical abuse.  The medical staff performed life-saving emergency surgery.

Ms. Brown's seven-year-old daughter told investigators that Mr. Rose hurt her brother and often prevented him from eating.  A few weeks before the incident, her brother told her that Mr. Rose held him on the ground and hit his head on the wall.

A few weeks later, Ms. Brown's son told investigators that Mr. Rose had hurt him on multiple occasions and that no child should live with Mr. Rose.

2

## B. *Procedural History*

A grand jury indicted Mr. Rose for (1) Child Abuse in Indian country, in violation of 18 U.S.C. §§ 1151, 1152 & Okla. Stat. Ann. tit. 21, § 843.5(A); and (2) Child Neglect in Indian country, in violation of 18 U.S.C. §§ 1151, 1552 & Okla. Stat. Ann. tit. 21, § 843.5(C).  Mr. Rose pled guilty to Count 1.  The Government dismissed Count 2.

At sentencing, the district court calculated a Guidelines range of 46 to 57 months based on a total offense level of 21 and criminal history category of III.  The Government moved for an upward variance, requesting a 300-month sentence to reflect the crime's violence and the child's severe injuries.  The court sentenced Mr. Rose to 84 months in prison and five years of supervised release.

After Mr. Rose's sentencing, the Sentencing Commission adopted Guidelines Amendment 821, which limited criminal history "status" points assigned to defendants who committed offenses while serving a criminal justice sentence.  *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023).  Mr. Rose moved to reduce his sentence under 18 U.S.C. § 3582(c)(2), which "authorizes a district court to reduce a sentence 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *United States v. Chavez-Meza*, 854 F.3d 655, 657 (10th Cir. 2017) (*Chavez-Meza I*) (quoting 18 U.S.C. § 3582(c)(2)), *aff'd*, 585 U.S. 109 (2018) (*Chavez-Meza II*).  Mr. Rose argued he would not receive any status points under Amendment 821, which would lower his criminal history category from III to II, resulting in a lower Guidelines range of 41 to 51 months.

The court denied the motion. It said that although Mr. Rose qualified for a sentence reduction under Amendment 821, a reduction was not warranted due to (1) his violent conduct against the five-year-old victim and (2) the severity of the injuries, which put the victim at risk of death. Mr. Rose timely appealed.

## II. DISCUSSION

### A. *Standard of Review*

"We review a district court's decision to grant or deny a § 3582(c)(2) motion for an abuse of discretion." *Chavez-Meza I*, 854 F.3d at 657. "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact," *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016) (quotations omitted), or "when it makes a clear error of judgment, exceeds the bounds of permissible choice, or when its decision is arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment," *United States v. Mobley*, 971 F.3d 1187, 1195 (10th Cir. 2020) (quotations omitted).

### B. *Legal Background*

#### 1. **Section 3582(c)(2)**

Section 3582(c)(2) sets forth a "two-step inquiry" in determining whether to reduce a defendant's sentence. 18 U.S.C. § 3582(c)(2); *United States v. Green*, 886 F.3d 1300, 1306 (10th Cir. 2018). "First, a court must determine whether a defendant is eligible for a sentence reduction." *Green*, 886 F.3d at 1306 (citing *Dillon v. United States*, 560 U.S. 817, 826-27 (2010)). "Second, the court must consider whether a sentence reduction is warranted in accordance with the 18 U.S.C. § 3553(a) factors." *Id.*

4

(citing *Dillon*, 560 U.S. at 826-27). The court's decision at the second step is discretionary. *Id.*; *United States v. Mueller*, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

The Supreme Court has held that the amount of explanation a district court must give in deciding § 3582(c)(2) motions "depends . . . upon the circumstances of the particular case." *Chavez-Meza II*, 585 U.S. at 116. "The law leaves much, in this respect, to the judge's own professional judgment." *Id.* at 113 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). We consider "the record as a whole" when reviewing a § 3582(c)(2) motion on appeal. *Id.* at 118-19.

2. **Criminal History Points and Amendment 821**

Section 4A1.1 of the Guidelines assigns criminal history points based on a defendant's prior sentences. U.S.S.G. § 4A1.1. Defendants who commit their offense while "under any criminal justice sentence" also receive additional criminal history "status" points. *See id.* § 4A1.1(e); *see also* U.S.S.G. § 4A1.1(d) (2016). A defendant's total number of points determines the criminal history category—between I and VI—which is then considered with the defendant's offense level to establish an advisory sentencing range. *See* U.S.S.G. § 1B1.1(a) (steps for determining a Guidelines range).

Amendment 821 applies retroactively to limit criminal history status points. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. at 60534. Before Amendment 821, a defendant who committed an offense while under a criminal justice sentence received two status points. *See* U.S.S.G. § 4A1.1(d) (2016). But under the amendment, a defendant with six or fewer criminal history points from previous

sentences no longer receives any status points, and a defendant with seven or more criminal history points receives only one status point.  U.S.S.G. § 4A1.1(e).

## C.  *Analysis*

The district court did not abuse its discretion in denying Mr. Rose's § 3582(c)(2) motion.  It agreed that Mr. Rose was eligible for a sentence reduction under Amendment 821, but it said a reduction was not warranted due to Mr. Rose's violent conduct and the victim's severe injuries.

Mr. Rose argues the district court abused its discretion because it (1) "considered the violent nature of the crime when it imposed the initial sentence and did not consider any additional reasons for denying the motion for sentence reduction in light of a lower guideline range," Aplt. Br. at 8, and (2) "essentially refus[ed] to apply" the amended Guidelines for cases involving violent conduct, *id.* at 13.  We disagree.

First, Mr. Rose cites no authority prohibiting a sentencing court from denying a § 3582(c)(2) motion based on the same factors that justified the original above-Guidelines sentence.[1]  *See United States v. Lewis*, 827 F.3d 787, 790 (8th Cir. 2016) (finding no abuse of discretion and affirming denial of § 3582(c)(2) motion when the district court adhered to upward variance from initial sentencing "even with a modestly reduced advisory guideline"); *see also United States v. Ramirez*, 794 F. App'x 167, 170

---

[1] Mr. Rose's reliance on *Hughes v. United States*, 584 U.S. 675 (2018), is misplaced.  *Hughes* addressed when a defendant is "eligible for relief under § 3582(c)(2)." *Id.* at 688.  The issue is not Mr. Rose's eligibility but whether the court abused its discretion when it denied relief after considering the § 3553(a) factors.

(3d Cir. 2019) (unpublished) (finding no abuse of discretion when the district court reimposed the original 24-month upward variance after determining that its original analysis of the § 3553(a) factors had not changed); *United States v. Askew*, 736 F. App'x 781, 782, 785 (11th Cir. 2018) (per curiam) (unpublished) (affirming denial of § 3582(c)(2) motion when the district court adhered to its original sentence—including a nearly 120-month upward variance—based on the seriousness of the offense and the need to protect the public from further crimes).

Second, the district court sufficiently explained why it denied Mr. Rose's § 3582(c)(2) motion. It said the § 3553(a) factors did not warrant a reduced sentence, particularly in light of Mr. Rose's violent conduct and the victim's severe injuries, which concerned "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "the seriousness of the offense," *id.* § 3553(a)(2)(A). The same district judge considered these § 3553(a) factors at Mr. Rose's original sentencing. *See* ROA, Vol. 1 at 75-76 (also considering other § 3553(a)(2) factors, including the need for just punishment, adequate deterrence, and public protection); *see also Chavez-Meza II*, 585 U.S. at 119 (noting "the record of the initial sentencing sheds light on why the court" chose the defendant's modified sentence). "The record as a whole strongly suggests that the judge originally believed that, given [Mr. Rose's] conduct, [84] months was an appropriately high sentence." *Chavez-Meza II*, 585 U.S at 118.

Thus, "the 'context and the record' make clear that the judge had 'a reasoned basis'" for denying Mr. Rose's motion. *Id.* at 117 (quoting *Rita*, 551 U.S. at 356, 359).

A "lengthy explanation" was unnecessary. *Id.* This "is especially so given [Mr. Rose's] failure to adduce facts that might have altered the district court's calculus with respect to the § 3553(a) factors." *United States v. Solis-Rodriguez*, Nos. 24-2030 & 24-2067, 2025 WL 785198, at *8 (10th Cir. Mar. 12, 2025) (unpublished) (cited for persuasive value under Fed. R. App. P. 32.1; 10th Cir. R. 32.1). So when the court denied Mr. Rose's § 3582(c)(2) motion and cited the same factors, "there was not much else for the judge to say." *Chavez-Meza II*, 585 U.S at 119.

Third, we reject Mr. Rose's contention that because the district court already considered the violent nature of his conduct during his original sentencing, it "essentially refus[ed] to apply the new version of [U.S.S.G. § 4A1.1(e)]." Aplt. Br. at 13. "[A]n ameliorative amendment to the Guidelines in no way creates a *right* to sentence reduction." *United States v. Osborn*, 679 F.3d 1193, 1196 (10th Cir. 2012). A district court may or may not reduce a defendant's sentence based on "the particular circumstances of the case." *Dillon*, 560 U.S. at 827. The district court here weighed the § 3553(a) factors and concluded that Mr. Rose's violent conduct and the victim's severe injuries warranted an 84-month sentence both before and after the Guidelines' amendments. We discern no abuse of discretion.[2]

---

[2] We recently rejected these same arguments and denied a sentence reduction requested under Amendment 821 in *United States v. McDonald*, No. 24-7038, 2025 WL 1140251 (10th Cir. Apr. 15, 2025) (unpublished). We said the district court adequately explained why the § 3553(a) factors, particularly the defendant's conduct, did not warrant a shorter sentence.

## III.   CONCLUSION

We affirm the district court's denial of Mr. Rose's § 3582(c)(2) motion.


Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge