# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 24-1897

———————————————

United States of America,

*Plaintiff - Appellee,*

v.

Adan Shamburger,

*Defendant - Appellant.*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

——————————

Submitted: May 12, 2025
Filed: July 22, 2025

——————————

Before COLLOTON, Chief Judge, SMITH and SHEPHERD, Circuit Judges.

——————————

COLLOTON, Chief Judge.

Adan Shamburger was sentenced to 48 months' imprisonment. The district court[*] later reduced Shamburger's sentence to 46 months based on a retroactive amendment to the United States Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2);

———————————————

[*]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

USSG § 4A1.1. Shamburger challenges the reasonableness of the reduction and argues that the court was required to shorten the sentence further. We conclude that there was no abuse of discretion, and affirm the order.

In April 2023, Shamburger pleaded guilty to aiding and abetting the possession with intent to distribute fentanyl. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C); 18 U.S.C. § 2. At sentencing, the district court determined an advisory guideline range of 30 to 37 months' imprisonment. The court then varied upward from the advisory range and imposed a sentence of 48 months' imprisonment.

The court explained the variance by reference to the sentencing factors under 18 U.S.C. § 3553(a). The court adverted to the potential lethality of fentanyl, and observed that the attribution of 15.7 grams of fentanyl to Shamburger under the guidelines "significantly understates [his] actual culpability." The court found that Shamburger admitted that he distributed fentanyl for a few months and acknowledged that he would typically buy 100 fentanyl pills at a time. The court also cited Shamburger's violent tendencies, high risk of recidivism, and criminal history.

The Sentencing Commission subsequently approved Amendment 821, effective November 1, 2023, which changed the calculation of criminal history scores under the guidelines. The amendment removed a two-point increase under USSG § 4A1.1(d) for committing an instant offense while under a criminal justice sentence. The amendment also added a new subsection (e), which assesses one point if a defendant has seven or more criminal history points and "committed the instant offense while under any criminal justice sentence." USSG § 4A1.1(e). The amendment was made retroactive. *See id.* § 1B1.10(d).

The amendment reduced Shamburger's criminal history score and changed his advisory guideline range from 30-37 months to 24-30 months. Pursuant to 18 U.S.C. § 3582(c)(2), the district court reduced Shamburger's sentence from 48 months to 46

months' imprisonment. To explain the decision, the court cited its explanation for imposing an upward variance at the original sentencing, and concluded that "the new advisory range yields a result that is even more disproportionate to the relative seriousness of the offense conduct."

Shamburger argues that the degree of the sentence reduction was unreasonable because the reduced sentence is harsher than the original sentence as compared to the advisory guideline range. He asserts that the original sentence was only 30 percent above the top of the guideline range, while the reduced sentence is 53 percent above the top of the new range.

The district court, however, did not abuse its discretion by declining to make what Shamburger describes as a "proportionate" sentence reduction. The Supreme Court has addressed the matter of "proportional" sentence reductions. Where a sentence within the original advisory range is reduced to a sentence within a new advisory range, there is no presumption that the district court will choose a point within the new lower range that is "proportional" to the point previously chosen within the original range. *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018). The original sentence "will often simply reflect the judge's belief that the chosen sentence is the 'right' sentence . . . based on various factors, including those found in § 3553(a)." *Id*. at 117. In that situation, it is "unsurprising," and not impermissible, for the judge to select a "nonproportional point on the new range." *Id*.

That analysis holds true when, as here, the original sentence represents an upward variance from the guideline range. Where the judge eschewed the original advisory range to impose a sentence above the range based on the § 3553(a) factors, it is not surprising that the judge would conclude that the same or similar sentence is still the "right" sentence under § 3553(a) despite a lower amended guideline range.

In this case, the judge considered and gave some weight to the amended range by reducing Shamburger's sentence by two months. But the court believed that aggravating factors continued to warrant a sentence close to the original term imposed, and thus permissibly declined to make a reduction that was "proportional" with respect to the new guideline range. The sentencing court has wide latitude in weighing the aggravating and mitigating factors, and there was no abuse of discretion in the court's decision to limit the reduction granted.

Shamburger contends that the district court committed procedural error because it failed to explain adequately why an upward variance greater than the variance in the original sentence was justified. It is unsettled whether the sentencing court has a duty to provide an on-the-record explanation of a sentence modification decision, given that Congress did not intend to authorize "a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

As with *Chavez-Meza*, however, "even assuming (purely for argument's sake)" that a district court has a duty to explain a decision on modification of sentence, 585 U.S. at 115, the district court satisfied the obligation here. The court incorporated by reference its previous discussion of the § 3553(a) factors and its explanation for an upward variance. The court explained that the amended guidelines "produced an advisory range that was not proportionate to the relatively serious nature of the offense conduct," and that a minimal reduction was warranted because "the new advisory range yields a result that is even more disproportionate to the relative seriousness of the offense conduct." This explanation is sufficient to facilitate meaningful appellate review, and there was no procedural error. *See United States v. Lewis*, 827 F.3d 787, 790 (8th Cir. 2016).

The order of the district court is affirmed.

_____