# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-2034

_____

United States of America

*Plaintiff - Appellee*

v.

Richard Blane Gamblin

*Defendant - Appellant*

_____

No. 24-2035

_____

United States of America

*Plaintiff - Appellee*

v.

Richard Blane Gamblin

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Before BENTON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

In 2016, Richard Blane Gamblin pled guilty to receipt of child pornography. He was sentenced to 72 months in prison. After his release, he again possessed child pornography. In February 2023, he pled guilty to two counts of receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). The district court[1] imposed two additional criminal history points because he committed the offense while "under any criminal justice sentence, including . . . supervised release." U.S.S.G. § 4A1.1(d). His guideline range was 188 to 235 months. The court sentenced him to 212 months in prison on both counts (to run concurrently) and 25 years of supervised release. Gamblin challenges his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

After his sentencing, U.S.S.G. § 4A1.1 amended how defendants, like Gamblin, receive additional criminal history points when they commit their instant offenses of conviction while "under any criminal justice sentence." Rather than an across-the-board addition of two criminal history points, the new guideline adds one criminal history point if the defendant has seven or more criminal history points and eliminates any additional points for defendants with six or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). This change was retroactive.

Under U.S.S.G. § 1B1.10, defendants who have guideline ranges lowered by retroactive guideline amendments are eligible for consideration of a sentence

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

reduction. After the amendment to U.S.S.G. § 4A1.1, the district court reconsidered Gamblin's sentence, removing the two additional status points, resulting in a guidelines range of 168 to 210 months. It re-sentenced him at the high end of the range to 210 months. Gamblin believes this is unfair because his prior sentence was in the middle of the guidelines range.

This court reviews "the imposition of sentences, whether inside or outside the Guidelines range" using a "deferential abuse-of-discretion standard." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Id.* (cleaned up). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Id.* at 464.

Gamblin claims the sentence is substantively unreasonable. It is not. Gamblin acknowledges the district court was under no obligation to reduce his sentence at all. And despite the guideline reduction, it was required to base its decision on the 18 U.S.C. § 3553(a) factors. He also argues the court procedurally erred in failing to explain its sentence. It did not. The court said:

> The defendant was convicted of Receipt of Child Pornography. The Court considered the amended guideline range based on the revised criminal history calculation, in addition to the factors in 18 U.S.C. § 3553(a). The Court previously imposed a sentence in the middle of the guideline range. However, the Court does not believe that a parallel sentence should follow here. Mr. Gamblin is a repeat offender. The § 3553(a) considerations are very aggravating. Give the (lower) amended guideline range and the same § 3553(a) considerations, an amended sentence of 210 months is sufficient, but not greater than necessary, to achieve the purposes of sentencing.

This was not an abuse of discretion. *See United States v. Lewis*, 827 F.3d 787, 790 (8th Cir. 2016) (concluding that the district court did not procedurally err or abuse its discretion in reimposing the same sentence in a one-paragraph explanation despite a guideline range that had been reduced by a subsequent guideline amendment).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____